Marvin MARTIN and Natalie
Arceneaux, Appellant,

v.

NEW CENTURY MORTGAGE COM-
PANY, Carrington Mortgage Services,
LLC, and Barclays Capital Real Es-
tate, Inc. d/b/a Home Q Servicing, Ap-
pellee.

No. 01–11–00792–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 14, 2012.

Kevin M. Camp, Houston, TX, for Appellant.

Peter C. Smart, Crain, Caton & James, P.C., Houston, TX, for Appellee.

Panel consists of Justices KEYES, BLAND, and SHARP.

## OPINION

JANE BLAND, Justice.

This contractual standing case arises out of an attempted non-judicial foreclosure of a mortgage loan. Homeowners Marvin Martin and Natalie Arceneaux appeal the trial court's summary judgment order in favor of New Century Mortgage Corporation, Carrington Mortgage Services, and Barclays Capital Real Estate, Inc. d/b/a Home Q Servicing. Wells Fargo Bank N.A., acting as trustee for Carrington Mortgage Loan Trust, Series 2006–NC4 Asset–Backed Pass Through Certificates ("Wells Fargo"), responded to the suit (collectively, "the lenders"). New Century assigned the deed of trust and underlying debt to Wells Fargo in its capacity as trustee. Carrington Mortgage acts as servicer on behalf of Wells Fargo.

On appeal, the homeowners maintain that the trial court erred in granting summary judgment because (1) no evidence demonstrates that Carrington and Wells Fargo own the underlying debt and fact issues exist as to various claims against them for deceptive acts or practices; and (2) the underlying promissory note was pooled into a trust in violation of the trust's pooling agreement and thus any assignment of the note was invalid. We conclude that Wells Fargo had standing to enforce the note and its rights via contractual assignment of the note. We further conclude that the homeowners have failed to raise a fact issue on their federal and state claims against the lenders. We therefore affirm.

## Background

In July 2006, Martin and Arceneaux purchased a house in Missouri City, Texas. They financed the purchase by executing a thirty-year, adjustable rate promissory note in the amount of $218,768.00, with interest payable to the order of New Century Mortgage Corporation. A deed of trust, dated the same day, created a lien on their homestead to secure payment of the note. The deed of trust provides that "the note (together with this security instrument) can be sold one or more times without prior notice to the borrower."

Carrington Mortgage Services, LLC ("Carrington") serviced the loan as agent for New Century and acted as its limited power of attorney. In 2009, New Century assigned the deed of trust, and all debts it secured, to Wells Fargo. Carrington continued servicing the loan.

In November 2008, before the loan's assignment to Wells Fargo, Carrington notified the homeowners that they had defaulted on the note, because they had failed to make their monthly mortgage payments and had allowed the IRS to impose tax liens on the property. When the homeowners failed to cure their default, Carrington accelerated the maturity date on the loan and demanded payment of the entire debt due. The homeowners did not pay the outstanding debt, and Wells Fargo scheduled a foreclosure sale to take place April 6, 2010.

The homeowners filed this lawsuit on April 5, 2010—the day before the foreclosure sale. Their pro se petition alleged statutory fraud, TEX. BUS. & COM.CODE ANN. § 27.01(a) (West 2009), and violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 (2006), the Texas Deceptive Trade Practices Act, TEX. BUS. &

Com.Code Ann. § 17.46 (West 2011), and the Truth in Lending Act, 15 U.S.C. § 1601–1667(f) (2006). The homeowners also sought to enjoin the foreclosure on the basis that "Carrington ... [had] not validated the debt or proved standing."

Carrington answered the suit; Wells Fargo answered as assignee of the mortgage and deed of trust. Wells Fargo and Carrington generally denied the homeowners' claims and asserted the statute of limitations as an affirmative defense to the homeowners' federal causes of action.

Wells Fargo and Carrington subsequently moved for summary judgment on both traditional and no-evidence grounds. Their traditional summary judgment motion raised limitations as a bar to each of the homeowners' claims, including their DTPA and statutory fraud claims. They attached to the motion copies of these relevant documents:

- The thirty-year, adjustable rate promissory note;
- The deed of trust granting New Century Mortgage Corporation a lien on the house;
- A July 2006 Federal Truth in Lending disclosure statement;
- A 2008 loan modification agreement between Carrington Mortgage Services and the homeowners;
- An assignment of the deed of trust from New Century Mortgage Corporation to Wells Fargo Bank, N.A., as trustee for Carrington Mortgage Loan Trust, Series 2006–NC4 Asset–Backed Pass Through Certificates;
- Carrington's records of the homeowners' payments;
- Copies of federal tax liens on the property; and

- An affidavit of Carrington's custodian of records, authenticating the documents and averring that Carrington had, at all relevant times, serviced the loan.

The homeowners responded, contesting the chain of assignment from New Century to Wells Fargo.[1] The homeowners attached a letter from New Century directing their future correspondence to Wells Fargo as the assigned holder of the note.

The trial court granted summary judgment. The homeowners then moved for a new trial, arguing that new evidence revealed that their promissory note had been improperly pooled into the Carrington Mortgage Loan Trust, Series 2006–NC 4 Asset–Backed Pass Through Certificates. Their motion claimed that, because the note was pooled in violation of the terms of the trust's agreement, Wells Fargo had no standing to enforce the promissory note. The trial court overruled the motion by operation of law. *See* Tex.R. Civ. P. 329b(c).

### Discussion

The homeowners contend that the trial court erred in granting summary judgment in favor of Wells Fargo and Carrington, because Wells Fargo lacks standing to foreclose, no evidence demonstrates that it owns the homeowners' promissory note, and the note was improperly pooled into Carrington Mortgage Loan Trust. They further contend that fact issues exist with respect to their cause of action for fraud and deceptive lending practices.

### I. *Standard of Review*

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors,*

---

1. The homeowners also contended that an inadequate time for discovery had passed, but do not assert inadequate discovery as a basis for their appeal.

*Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex. 2009). Under the traditional standard for summary judgment, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant a judgment as a matter of law. TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005); *Provident Life & Accid. Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003).

 Traditional summary judgment is proper only if the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). The motion must state the specific grounds relied upon for summary judgment. *Id.* A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997).

After adequate time for discovery, a party may move for a no-evidence summary judgment on the ground that no evidence exists to support one or more essential elements of a claim or defense on which the opposing party has the burden of proof. Tex.R. Civ. P. 166a(i). The trial court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *Id.; Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex.2006). More than a scintilla of evidence exists if the evidence "would allow reasonable and fair-minded people to differ in their conclusions." *Forbes Inc. v. Granada Bioscis., Inc.,* 124 S.W.3d 167, 172 (Tex.2003). When, as here, a party moves for summary judgment on both traditional and no-evidence grounds, we first review the trial court's decision under the no-evidence standard. *See* Tex.R. Civ. P. 166a(i); *Mem'l Hermann Hosp. Sys. v. Progressive Cnty. Mut. Ins. Co.,* 355 S.W.3d 123, 126 (Tex.App.-Houston [1st Dist.] 2011, pet. denied).

## II. Standing as Owner or Holder of the Debt

 The homeowners' pleading for injunctive relief contested the lenders' standing to foreclose. In their summary judgment response, they similarly contend that neither Wells Fargo nor Carrington could collect on the promissory note or foreclose, because neither had demonstrated its status as holder or owner of the note. Although the homeowners' pleadings do not assert specific claims for wrongful foreclosure or enforcement of the promissory note, they sought injunctive relief against any effort to enforce it, because the lenders "have not as yet validated the debt or proved standing." We conclude that both parties addressed the question of whether Wells Fargo possessed standing to collect on the note and tried the issue by consent.[2]

---

**2.** The Texas Supreme Court has recognized that unpleaded claims or defenses may be tried by express or implied consent of the parties. *See Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 756 n. 1 (Tex.2007) (per curiam) (citing *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 495 (Tex.1991)).

When, as here, the claims are tried by consent, we treat the claims as if they had been raised by the pleadings. TEX.R. CIV. P. 67; *see Via Net v. TIG Ins. Co.,* 211 S.W.3d 310, 313 (Tex.2006) (holding applicability of the discovery rule properly before court when it was

■ To recover on a debt due under a promissory note, a lender must establish that the note in question exists, the debtor executed the note, the lender is the holder or owner of the note, and a certain balance is due and owing on the note. *Wells Fargo Bank, N.A. v. Ballestas,* 355 S.W.3d 187, 191 (Tex.App.-Houston [1st Dist.] 2011, no pet.) (quoting *Cadle Co. v. Regency Homes, Inc.,* 21 S.W.3d 670, 674 (Tex. App.-Austin 2000, pet.. denied)); *Austin v. Countrywide Homes Loans,* 261 S.W.3d 68, 72 (Tex.App.-Houston [1st Dist.] 2008, pet. denied); *Leavings v. Mills,* 175 S.W.3d 301, 309 (Tex.App.-Houston [1st Dist.] 2004, no pet.). Ownership of the note is an essential element of the right to collect amounts due on it. *See Wells Fargo,* 355 S.W.3d at 191.

The homeowners do not contest that they signed the promissory note, nor that they owe repayment of the money that they borrowed. Rather, they claim that Wells Fargo failed to prove that it owns the note, a prerequisite to establishing the right to foreclose on the homeowners' property. They observe that the note contains no written indorsement that demonstrates that the maker of the note assigned it to Wells Fargo.

■ The homeowners are correct that Wells Fargo is not a holder of the note as the Commercial Code defines one. Texas law recognizes the difference between a "holder" and an "owner" of a promissory note. A holder is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." TEX. BUS. & COM.CODE ANN. § 1.201(21)(a) (West 2009). A person can become the holder of an instrument when the instrument is issued to that person, or he can become a holder by negotiation. TEX. BUS.

& COM.CODE ANN. § 3.201 cmt. 1 (West 2002). Negotiation is the "transfer of possession . . . of an instrument by a person other than the issuer to a person who thereby becomes its holder." *Id.* § 3.201(a). When, as here, the instrument is paid to an identified entity (i.e., to the order of New Century), "negotiation requires transfer of possession of the instrument and its indorsement by the holder." *Id.* § 3.201(b); *Leavings,* 175 S.W.3d at 309. The indorsement must be written on the instrument or on a paper firmly affixed to it. *Leavings,* 175 S.W.3d at 309. If an instrument not in the possession of the original holder is not properly indorsed, then the person in possession of it does not have the status of a holder. *Id.* The New Century note contains no indorsement transferring it from New Century to Wells Fargo. Because the note shows no indorsement demonstrating that New Century negotiated it, Wells Fargo does not qualify as a "holder" under the statute. *See* TEX. BUS. & COM.CODE ANN. § 3.201(a).

■■ Nevertheless, under common-law principles of assignment, a party who fails to qualify as a "holder" for lack of an indorsement may still prove that it owns the note. *Leavings,* 175 S.W.3d at 309; *see* TEX. BUS. & COM.CODE ANN. § 3.301 cmt. (person entitled to enforce instrument includes non-holder in possession of instrument with rights under section 3.203). An owner may transfer a note without indorsement. *Leavings,* 175 S.W.3d at 309; *see* TEX. BUS. & COM.CODE ANN. § 3.301 cmt. In that case, then the transferee acquires whatever rights the transferor had in the note, but does not become a "holder" of the note. *Leavings,* 175 S.W.3d at 309; *see* TEX. BUS. & COM.CODE ANN. § 3.203 cmts. 1–2. A non-holder seeking to enforce a note must prove the transfer by which he acquired the note. *Leavings,* 175

raised in the summary judgment response but not included in pleadings).

S.W.3d at 309; *see e.g., Jernigan v. Bank One, Tex., N.A.*, 803 S.W.2d 774, 777 (Tex. App.-Houston [14th Dist.] 1991, no writ). An unexplained gap in the chain of title may present a fact issue on the question of ownership. *Leavings*, 175 S.W.3d at 309; *First Gibraltar Bank, FSB v. Farley*, 895 S.W.2d 425, 428–29 (Tex.App.-San Antonio 1995, writ denied); *Jernigan*, 803 S.W.2d at 777.

Wells Fargo's summary judgment evidence establishes that it owned the note as trustee for Carrington Mortgage Loan Trust, Series 2006–NC4 Asset–Backed Pass Through Certificates, by virtue of an assignment from New Century Mortgage, the note's original holder. The summary judgment record contains a document entitled, "Assignment of Deed of Trust." Carrington Mortgage Services signed the assignment as power of attorney for New Century, and its custodian of records authenticated it. The records custodian averred that Carrington had serviced the loan at all relevant times, and verified that New Century had assigned the note and deed of trust to Wells Fargo. Under the assignment, New Century assigned to Wells Fargo, as trustee, "all beneficial interest under that certain Deed of Trust dated 7/24/2006 executed by Natalie Arceneaux and Marvin Martin ... together with the promissory note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust." This evidence demonstrates that New Century assigned to Wells Fargo the deed of trust and all the underlying debts and obligations secured by it—namely the homeowners' 2006 promissory note payable to the order of New Century. *See O.J. & C. Co. v. Johnson*, No. 01–96–00161–CV, 1997 WL 167866, at *4 (Tex. App.-Houston [1st Dist.] Apr. 10, 1997, no pet.) (deed of trust conveying all underlying debts and obligations secured by it established ownership of underlying debt). The homeowners did not proffer any evidence to controvert the assignment's validity or authenticity. We hold that the evidence establishes that Wells Fargo owns the deed of trust and promissory note, as New Century's assignee, and thus had standing to foreclose on the note's collateral.

## III. No–Evidence Summary Judgment

In challenging the lenders' rights to foreclose, the homeowners alleged claims of fraud and various deceptive acts or practices, but the trial court dismissed these claims on summary judgment. We now examine whether summary judgment was proper.

### a. Statutory Fraud

 The homeowners assert that the lenders committed fraud in a real-estate transaction under section 27.01 of the Texas Business and Commerce Code. *See* Tex. Bus. & Com.Code Ann. § 27.01 (West 2009). In their no-evidence motion for summary judgment, the lenders maintained that the homeowners could produce no evidence of statutory real-estate fraud.[3]

---

**3.** The motion does not state the specific elements that lack evidence. *See* Tex.R. Civ. P. 166a (i) (requiring motion to point to elements as to which there is no evidence). "A no-evidence challenge that only generally challenges the sufficiency of the non-movant's case and fails to state specific elements is fundamentally defective and insufficient to support summary judgment as a matter of law." *Mott v. Red's Safe & Lock Servs., Inc.*, 249 S.W.3d 90, 98 (Tex.App.-Houston [1st Dist.] 2007, no pet.). However, the homeowners did not bring any defect in the motion to the attention of the trial court and, more importantly, do not claim on appeal that the motion failed to comply with the specificity requirement. *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 805 (Tex.App.-Dallas 2008, pet. denied) (noting that defect in no evidence motion for summary judgment may be raised

▆ A person commits statutory fraud in the course of a real estate transaction if (1) he makes a false representation of a past or existing material fact, (2) for the purpose of inducing a person to enter into a contract, (3) the person relies on the misrepresentation in entering the contract and (4) suffers an injury as a result. *See* TEX. BUS. & COM.CODE ANN. § 27.01(a)(1); *see also SMB Partners, Ltd. v. Osloub*, 4 S.W.3d 368, 372 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Fraud under section 27.01 requires evidence that the defendant made a false representation to the plaintiff that induced the plaintiff to enter into a real estate contract to his or her detriment.

The homeowners did not adduce summary judgment evidence of the basic predicate for a statutory fraud claim: a false representation of fact. Nor did the homeowners produce evidence that a false representation caused them to sign the promissory note to their detriment. As the homeowners produced no evidence to support their statutory fraud claim, we conclude that the trial court did not err in granting no-evidence summary judgment in favor of the lenders.

*b. Real Estate Settlement Practices Act*

▆ The homeowners allege that the lenders violated section 2605(e) of the federal Real Estate Settlement Practices Act (RESPA) by failing to timely respond to a written request for information about the servicing of their loan. *See* 12 U.S.C. § 2605(e). The lenders respond that there was no evidence the homeowners had sent them a qualified written request for information related to the servicing of their

loan, nor any evidence that the homeowners suffered damages as a result of a RESPA violation.

Section 2605(e) of RESPA requires a loan servicer to respond to a borrower's qualified written request for information about loan servicing. *Id.* A qualified request under section 2605(e) must be (1) written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer; (2) that includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (3) that includes a statement of the reasons for the borrower's belief, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. *Id.* § 2605(e)(1)(B); *Bittinger v. Wells Fargo Bank N.A.*, 744 F.Supp.2d 619, 627 (S.D.Tex.2010). A section 2605(e) request must relate to the servicing of the loan. *See* 12 U.S.C. § 2605(e)(1)(A). "Servicing" includes "receiving any scheduled periodic payments from a borrower" or the "making the . . . payments of principal and interest. . . ." *Id.* § 2605(i)(3). Finally, a plaintiff claiming a violation of the Act must allege actual damages resulting from the violation. *Id.* § 2605(f)(1)(A).

In their summary judgment response, the homeowners produced a March 2010 New Century letter addressed to them. The letter acknowledges that New Century had received a letter from the homeowners, and informs the homeowners that New Century had filed for Chapter 11 bankruptcy in 2008 and had been liquidated. The letter states that New Century had assigned the homeowners' loan to

for first time on appeal, but declining to consider issue where parties did not raise defect before appellate court); *cf. Kahng v. Verity*, No. 01–07–00695–CV, 2008 WL 2930195 (Tex.App.-Houston [1st Dist.] July 31, 2008,

no pet.) (assuming without deciding that complaint that no-evidence summary judgment was facially defective was preserved for review).

Wells Fargo. It directs the homeowners to contact Carrington—the company that had serviced the loan since 2007—with any questions.

In their pleadings, the homeowners claimed that they also sent a qualified written request to Carrington. They purported to attach a copy of the letter to their petition. But no request was attached to their petition, and the homeowners did not offer affidavits to support their contention in response to the motion for summary judgment that Carrington had failed to respond to their request. Thus, no record evidence exists that the homeowners sent the lenders a written request for information about the servicing of their loan. Nor does the record contain evidence of any damages resulting from the alleged RESPA violation. Because the record contains no evidence demonstrating that the homeowners sent a section 2605(e) request to Carrington or Wells Fargo or that the homeowners suffered damages as a result of a RESPA violation, we conclude that the trial court properly granted the no-evidence summary judgment motion on the homeowners' RESPA claim.

## IV. Traditional Summary Judgment

The lenders also sought summary judgment on additional claims based on the affirmative defense of limitations. While their first amended answer asserted limitations as a defense to the federal causes of action, their summary judgment motion claimed limitations as a bar to each of the homeowners' causes of action, including their state law claims. The homeowners did not object or specially except to the failure to plead limitations as a defense to their state law claims.

■ A party may obtain summary judgment based on affirmative defenses not pleaded if the nonmoving party does not object to the absence of an answer containing those affirmative defenses and if the motion has merit. *See Roark v. Stallworth Oil,* 813 S.W.2d 492, 494–95 (Tex.1991). We therefore consider whether the record supports summary judgment against the homeowners' Truth in Lending Act and DTPA claims based on the affirmative defense of limitations.

### a. The Truth in Lending Act

■ The homeowners maintain that New Century and Carrington failed to provide a complete disclosure of the credit terms and costs of the promissory note when they signed it in 2006, in violation of the Truth in Lending Act. The Truth in Lending Act protects consumers from inaccurate and unfair credit practices. 15 U.S.C. § 1601(a). A one-year statute of limitations governs claims brought under the Act, running from the date of each violation. *Id.* § 1640(e). A violation occurs when credit is extended without the required disclosures. *See Moor v. Travelers Ins. Co.,* 784 F.2d 632, 633 (5th Cir. 1986); *Bittinger,* 744 F.Supp.2d at 628.

The homeowners signed the promissory note in July 2006, but did not file their suit until April 2010—over three years after they obtained credit under the promissory note. As a result, limitations bars the homeowners' Truth in Lending Act claims. *See* 15 U.S.C. § 1640(e).

### b. Texas Deceptive Trade Practices Act

■ The homeowners contend that the lenders violated the DTPA when they misrepresented the terms of the loan and failed to disclose information relating to the loan. Claims under the DTPA must be brought within two years of the injury. TEX. BUS. & COM.CODE ANN. § 17.565 (West 2011). Because the homeowners' DTPA claims are based on complaints that the bank engaged in misleading practices when the homeowners signed the promis-

sory note in June 2006, and the homeowners filed this suit in April 2010, we conclude that the statute of limitations bars their DTPA claims. Accordingly, we hold that the trial court properly rendered summary judgment in favor of the lenders based on limitations on the homeowners' Truth in Lending Act and DTPA claims.

### V. Motion for New Trial

The homeowners contend that new evidence reveals that the lenders improperly pooled their loan into the Carrington Mortgage Loan Trust, Series 2006–NC 4 Asset–Backed Pass Through Certificates. The homeowners first raised this claim in their motion for new trial, which the trial court overruled by operation of law. *See* TEX.R. CIV. P. 329b(c). Accordingly, we construe their challenge as a challenge to the trial court's denial of their motion for new trial.

A trial court may grant a new trial for good cause, on motion of a party or on the court's own motion. TEX.R. CIV. P. 320. To obtain a new trial based on newly discovered evidence, a party must show the trial court that: (1) the evidence has come to light since trial; (2) it is not due to lack of diligence that it was not produced sooner; (3) the new evidence is not cumulative; and (4) the new evidence is so material that it would probably produce a different result if a new trial were granted. *Waffle House, Inc. v. Williams,* 313 S.W.3d 796, 813 (Tex.2010); *Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex. 1983). We review a trial court's denial of a motion for a new trial for abuse of discretion. *In re R.R.,* 209 S.W.3d 112, 114 (Tex.2006); *Imkie v. Methodist Hosp.,* 326 S.W.3d 339, 344 (Tex.App.-Houston [1st Dist.] 2010, no pet.). The trial court abuses its discretion if it acts without reference to any guiding principles or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). Under the abuse-of-discretion standard, we view the evidence in the light most favorable to the trial court's actions. *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex. App.-Houston [1st Dist.] 1993, writ denied).

In their motion for new trial, the homeowners maintained that evidence reveals that their loan was pooled into Carrington Mortgage Loan Trust, Series 2006–NC4 Asset–Backed Pass Through Certificates, in violation of the terms of the trust set forth in a "Pooling and Servicing Agreement," which allegedly provides that a note must be pooled within ninety days of its execution. The homeowners claimed that, because the pooling of their note violated the terms of the trust, Wells Fargo lacks standing to foreclose on their house.

The homeowners' motion for new trial does not meet the requirements for a new trial based on newly discovered evidence. The homeowners attached no evidence to their motion other than a "forensic" report analyzing their mortgage in light of various federal laws and the pooling agreement. The evidence attached does not demonstrate that the evidence was "newly" discovered or that failure to discover it sooner should be excused. *See Waffle House,* 313 S.W.3d at 813. Nor does the motion show that the new evidence is so material that it would probably produce a different result were a new trial granted. *See id.* The trial court therefore reasonably could have concluded that the homeowners did not demonstrate grounds for a new trial based on newly discovered evidence.

### Conclusion

We hold that Wells Fargo demonstrated its standing and rights as assignee to enforce the note. We further conclude that

the homeowners have failed to raise a fact issue on their federal and state claims against the lenders. We therefore affirm the trial court's summary judgment.