**Affirmed and Opinion Filed March 5, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01612-CV

### ANIL DAS & SHEELA DAS, Appellant
### V.
### DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2006 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC3, BARCLAYS CAPITAL REAL ESTATE INC. D/B/A HOMEQ SERVICING, AND OCWEN LOAN SERVICING, LLC, Appellees

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-07136-E**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Francis
Opinion by Justice Francis

This case involves the security interest on the residential property of Anil and Sheela Das. The Dases sued appellees to enjoin them from moving to foreclose on their property, alleging Deutsche Bank National Trust Company was not the holder of the note. Deutsche counterclaimed for breach of contract. After considering competing motions for summary judgment, the trial court rendered judgment in favor of appellees. The Dases appeal, arguing (1) none of the appellees is entitled to enforce the note, (2) appellees are estopped from relying on an endorsed version of the note, and (3) the note and deed of trust were separated, rendering the security interest in the property invalid. For reasons set out below, we reject their issues and affirm the trial court's judgment.

On November 23, 2005, the Dases executed a promissory note to New Century Mortgage Corporation in the amount of $263,988 for the purchase of their home in Sunnyvale. The Note was secured by a Deed of Trust of the same date. The Deed was signed by the Dases and granted a security interest in the property to New Century. The Deed obligated the Dases to make monthly payments in accordance with the Note and authorized acceleration of the note balance and sale of the property in the event of default.

The Dases got behind on their mortgage payments. In January 2009, the loan servicer, HomEq, notified the Dases they were in default and identified Deutsche Bank as the creditor/owner of the note. After attempts to work out a repayment plan failed, the property was scheduled for foreclosure on May 5, 2009. Four days before the scheduled sale, Anil Das filed for chapter 13 bankruptcy. The record does not indicate what happened with the bankruptcy.

Two years later, in June 2011, the Dases filed this lawsuit against appellees alleging Deutsche Bank was not a holder of the Note or a nonholder with rights of a holder and therefore was not entitled to enforce the Note. They asserted claims for breach of contract and deceptive trade practices. They also sought declaratory and injunctive relief to prohibit appellees from moving to foreclose on their property.

Appellees filed a general denial. In addition, Deutsche Bank counterclaimed for breach of contract, asserting it is the legal owner and holder of the Note and the Dases have failed to make full and timely payments under the Note. As relief, Deutsche Bank asked the court to declare the Dases in default on their payment obligations and to declare it may foreclose on the property under the Note and Deed of Trust.

Both sides moved for summary judgment on the issue of whether Deutsche Bank was owner or holder of the Note. After considering the motions, the trial court granted appellees' motion and denied the Dases' motion. The trial court rendered judgment that (1) the Dases take

nothing on their claims, (2) the Dases are in default on the payment obligations under the Note and Deed of Trust, and (3) Deutsche Bank may foreclose on the property. The Dases appealed.

The summary judgment rule provides a method of summarily ending a case that involves only a question of law and no fact issues. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). When, as here, both sides move for summary judgment, and the trial court grants one motion and denies the other, we review the summary judgment presented by both sides and determine all questions presented. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). We review the summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Howard v. INA County Mut. Ins. Co.*, 933 S.W.2d 212, 216 (Tex. App.—Dallas 1996, writ denied).

Appellees moved for summary judgment on the ground that Deutsche is the holder of the Note. Attached to their motion was the affidavit of Paul Myers, a loan analyst at Ocwen Loan Servicing, LLC. Myers stated his job duties included researching loan histories of parties in litigation with Ocwen; determining whether or not the parties made timely principal, interest, escrow and other payments on their mortgages serviced by Ocwen; reviewing the loan files that Ocwen had for these parties to determine whether the loans were properly originated and serviced; and serving as Ocwen's corporate representative in trials, court hearings, depositions, and mediations. Myers attested that he had researched and reviewed all of Ocwen's documents regarding the subject loan.

According to Myers, the original Note, after it was originated by New Century, was endorsed by New Century in blank. Myers further asserted that along with its execution of this endorsement, New Century, on December 1, 2005, executed an Assignment of Deed of Trust reflecting the assignment of the Note from New Century to an unnamed assignee. Myers further attested that on or about April 1, 2006, New Century transferred ownership of the Note to

Deutsche. Later, an assignment was executed on March 4, 2009 to reflect the assignment of the Note and Deed of Trust to Deutsche, and this assignment was recorded in the Dallas County real property records six days later. The assignment was signed by Joyce Nelson, an employee of HomEq, who had the authority from New Century to execute documents relevant to the Note for New Century.

Further, Myers attested that HomEq was the loan servicer after the loan was originated by New Century in November 2005. The Dases' loan service, including the Note, transferred to Ocwen on or about August 31, 2010, and Ocwen assumed the servicing agent obligations for the Note at that time. He also stated that Ocwen has physical possession of the Note and is maintaining physical possession of the Note in its capacity as the servicing agent for Deutsche. Finally, Myers stated that, as of October 1, 2012, the Dases were forty-seven months behind on their payment obligations and owed $366,185.92 on the Note.

Attached to the affidavit as business records were copies of the (1) original note endorsed by New Century in blank; (2) the Deed of Trust; (3) the December 1, 2005 Assignment of Deed of Trust from New Century to an unnamed assignee; and (4) the March 4, 2009 Assignment of Note and Deed of Trust to Deutsche, signed by Nelson.

To recover on a debt due under a promissory note, a lender must establish that the note in question exists, the debtor executed the note, the lender is the holder or owner of the note, and a certain balance is due and owing on the note. *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 84 (Tex. App.—Houston [1st Dist.] 2012, no pet.). A "holder" is the "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." TEX. BUS. & COM. CODE ANN. § 1.201(b)(21)(A) (West 2009). An instrument containing a blank endorsement is payable to the bearer and may be negotiated by transfer of possession alone. *See id*. § 3.205 (West 2002); *Farkas v. Aurora Loan Svcs., LLC*,

–4–

No. 05-12-01095-CV, 2013 WL 6198344, at *4 (Tex. App.—Dallas Nov. 26, 2013, no pet. h.) (mem. op.)

Here, Myers attached to his affidavit a copy of the original note endorsed by New Century in blank. Myers also testified that Ocwen had physical possession of the Note and was maintaining physical possession in its capacity as servicing agent for Deutsche. Moreover, Myers swore that Deutsche acquired the Note from New Century. This evidence established Deutsche was holder of the Note. *See Farkas*, 2013 WL 6198344, at *4 (concluding party was "holder" of note because it was in possession of note that was endorsed payable to bearer at time of foreclosure).

In reaching this conclusion, we reject the Dases' argument that appellees are judicially estopped from relying on the note endorsed in blank because Deutsche attached an unendorsed note, made payable to the order of New Century, to a Proof of Claim in Anil's bankruptcy proceeding. They cite *Hall v. GE Plastic Pacific PTE Ltd.,* 327 F.3d 391, 396 (5th Cir. 2003) for the elements of judicial estoppel. The *Hall* court explained the doctrine as follows:

> Judicial estoppel 'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.' The purpose of the doctrine is to prevent litigants 'from playing 'fast and loose' with the courts . . . .' In this Circuit, 'two bases for judicial estoppel' must be satisfied before a party can be estopped. First, it must be shown that 'the position of the party to be estopped is clearly inconsistent with its previous one; and [second,] that party must have convinced the court to accept that previous position.'

327 F.3d at 396 (citations omitted).

As to the first element, the Dases argue Deutsche took the position in the bankruptcy proceeding that the unendorsed version of the note (attached to the Proof of Claim) was true and correct, which is inconsistent with its present position that the endorsed version of the note is true and correct. Initially, we note our record does not show the unendorsed note was attached to

the Proof of Claim. The documents are found under different exhibits in the record.[1] Regardless, we agree with appellees the documents are not clearly inconsistent. In the bankruptcy court, Deutsche filed a copy of the note as it existed at the time it was signed by the Dases at closing. As sworn to by Myers, the original note was later endorsed in blank by New Century. Thus, Deutsche produced an accurate copy of the note as it exists today in this litigation.

As for the second element, the Dases argue the bankruptcy court "accepted [Deutsche's] claim regarding the unendorsed version of the Note." They cite no evidence to support this assertion and, when asked at oral argument, acknowledged any such evidence was outside the record. We conclude the Dases have failed to raise a fact issue as to judicial estoppel. To the extent they argue the unendorsed version of the note creates a material fact issue on Deutsche's status as holder, we disagree for the same reasons set out previously. Specifically, Myers attested in his affidavit that the original note was later endorsed in blank by New Century, and the Dases have not produced any evidence to controvert this statement.

Finally, the Dases argue the trial court erred in "failing to acknowledge the separation of the note and deed of trust which rendered the security interest void." This issue was not raised below. According, it is waived. *See* TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). We conclude appellees have conclusively established their entitlement to summary judgment.

---

[1] A copy of the Proof of Claim is found in the Appendix of Summary Judgment Evidence Supporting Plaintiff's Motion for Summary Judgment as Exhibit G, but a copy of the Note is not attached. A copy of the Proof of Claim is also found in the Appendix of Summary Judgment Evidence in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment as Exhibit A; a copy of the unendorsed Note is found in Exhibit B of the same pleading.

We affirm the trial court's judgment.

/Molly Francis/

MOLLY FRANCIS

JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANIL DAS AND SHEELA DAS,
Appellants

No. 05-12-01612-CV      V.

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE UNDER
POOLING AND SERVICING
AGREEMENT DATED AS OF APRIL 1,
2005 MORGAN STANLEY ABS
CAPITAL I INC. TRUST 2006-NC3,
BARCLAYS CAPITAL REAL ESTATE
INC. D/B/A HOMEQ SERVICING, AND
OCWEN LOAN SERVICING, LLC,
Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-07136-E.
Opinion delivered by Justice Francis;
Justices Moseley and Bridges participating.

        In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.  It is **ORDERED** that appellees DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED
AS OF APRIL 1, 2005 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC3,
BARCLAYS CAPITAL REAL ESTATE INC. D/B/A HOMEQ SERVICING, AND OCWEN
LOAN SERVICING, LLC, recover their costs of this appeal from appellants ANIL DAS AND
SHEELA DAS.

Judgment entered March 5, 2014

/Molly Francis/
MOLLY FRANCIS
JUSTICE