James E. ZABLOSKY, Plaintiff–
Appellant

v.

MORTGAGE ELECTRONIC REGIS-
TRATION SYSTEMS, INCORPORAT-
ED; MERSCORP; Midfirst Bank;
Julian Castro, Secretary of Housing
and Urban Development; Midland
Mortgage Company, Defendants–Ap-
pellees.

James E. Zablosky; Karen Zablosky,
Plaintiffs–Appellants

v.

Midfirst Bank; Midland Mortgage Com-
pany; Julian Castro, Secretary of
Housing and Urban Development;
MERSCORP, Defendants–Appellees.

No. 14–50223
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 2014.

James E. Zablosky, Floresville, TX, pro
se.

Karen Zablosky, Floresville, TX, pro se.

Mark D. Hopkins, Esq., Hopkins &
Williams, P.L.L.C., Austin, TX, Bryan
Timothy Brown, Barrett, Daffin, Frappier,
Turner & Engel, L.L.P., Addison, TX, for
Defendants–Appellees.

Before HIGGINBOTHAM, JONES, and
HIGGINSON, Circuit Judges.

PER CURIAM: *

James and Karen Zablosky seek leave to
proceed in forma pauperis ("IFP") in this
appeal challenging the district court's deni-
al of their motion to amend the complaint
in a lawsuit challenging the foreclosure of
their property. For the following reasons,
we deny the Zabloskys' motion.

In 2007, the Zabloskys purchased a
home in Floresville, Texas, and executed a
note and deed of trust in favor of Alethes,
LLC ("Alethes"). Alethes then trans-
ferred the note and deed of trust to GMAC
Mortgage Company ("GMAC"), which
transferred the note and deed of trust to
MidFirst Bank ("MidFirst"). After the
Zabloskys defaulted on their mortgage
payments, MidFirst and Midland Mort-
gage Co. ("Midland"), a division of Mid-
First, sought to foreclose on the Zablo-
skys' property. The Zabloskys alleged
that MidFirst and Midland lack standing
to foreclose because the transfers of the
mortgage to GMAC and then to MidFirst
were unrecorded and therefore void. Mid-
First and Midland filed a motion to dismiss
pursuant to Federal Rule of Civil Proce-
dure 12(b)(6). The district court granted
that motion, concluding that the Zabloskys
had failed to state a claim against MidFirst
and Midland.

The Zabloskys then moved for leave to
file an amended complaint, alleging that
MidFirst and Midland lacked standing to
foreclose because the note was not in-
dorsed to MidFirst. The Department of
Housing and Urban Development opposed
the motion. The district court denied the
motion and entered a final judgment in
favor of MidFirst and Midland, as well as

---

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and MERSCORP Holdings, Inc. The Zabloskys filed a notice of appeal in which they challenged the district court's denial of their motion for leave to file an amended complaint. The district court denied the Zabloskys' motion to proceed IFP on appeal, finding that "the proposed appeal is lacking in arguable legal merit, and is frivolous."

We construe the Zabloskys' IFP motion as a challenge to the district court's certification that their appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997). In reviewing that certification, our "inquiry is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks and citation omitted). We review the district court's decision to deny leave to amend a complaint for abuse of discretion. *United States ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir.2004). Although "[t]he court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *Ballard v. Devon Energy Prod. Co.*, 678 F.3d 360, 364 (5th Cir.2012) (internal quotation marks and citation omitted). Where the district court fails to explain adequately the basis for its denial, "we affirm only where the reason for the denial is readily apparent and the record reflects ample and obvious grounds for denying leave to amend." *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir.2012) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426 (5th Cir.2004) (internal quotation marks and footnotes omitted)).

The district court's explanation for denying the Zabloskys' motion was that "[t]he proposed amended complaint attempts to re-state Plaintiffs' failed claims against these Defendants." We read the district court's explanation as a finding that the amendment would be futile, and we agree with that conclusion. Assuming that the note was not indorsed to MidFirst, that fact alone would not deprive MidFirst of standing to foreclose. Although indorsement may be required for a party to become the holder of a note, a non-holder may still enforce a note if he proves the transfer by which he acquired the note. *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 84 (Tex.Ct.App.2012). The record contains an "Assignment of Deed of Trust," filed in the Wilson County records, through which MERS, acting as nominee for Alethes, did "hereby grant, convey, assign, transfer, and set over to MidFirst Bank ... all of the Assignor's rights, title and interest in and to ... [t]he Promissory Note [and] ... [t]he Mortgage." That assignment indicates that MidFirst is the owner of the note and deed of trust and has standing to foreclose on the Zabloskys' property. *See id.* at 84–85 (holding that a document assigning a promissory note and deed of trust to Wells Fargo established that Wells Fargo owned the note and deed of trust and could foreclose on the note's collateral, even though the note was not indorsed to Wells Fargo). Because the filing of the amended complaint would be futile, the district court did not abuse its discretion in denying leave to amend.

The Zabloskys' appeal is without arguable merit and is thus frivolous. *See* 5th Cir. R. 42.2. Accordingly, their request for IFP status is DENIED, and their AP-

PEAL IS DISMISSED. *See Baugh,* 117 F.3d 197, 202 & n. 24 (5th Cir.1997).

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Thomas Maynard AMES, Defendant–**
**Appellant.**

**No. 14–50329**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 2014.

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.