# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 14-50223
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2014

Lyle W. Cayce
Clerk

JAMES E. ZABLOSKY,

Plaintiff-Appellant

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED;
MERSCORP; MIDFIRST BANK; JULIAN CASTRO, Secretary of Housing and
Urban Development; MIDLAND MORTGAGE COMPANY,

Defendants-Appellees

---------------------------------------

JAMES E. ZABLOSKY; KAREN ZABLOSKY,

Plaintiffs-Appellants

v.

MIDFIRST BANK; MIDLAND MORTGAGE COMPANY; JULIAN CASTRO,
Secretary of Housing and Urban Development; MERSCORP,

Defendants-Appellees

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-407
USDC No. 5:12-CV-734

————

No. 14-50223

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

James and Karen Zablosky seek leave to proceed in forma pauperis ("IFP") in this appeal challenging the district court's denial of their motion to amend the complaint in a lawsuit challenging the foreclosure of their property. For the following reasons, we deny the Zabloskys' motion.

In 2007, the Zabloskys purchased a home in Floresville, Texas, and executed a note and deed of trust in favor of Alethes, LLC ("Alethes"). Alethes then transferred the note and deed of trust to GMAC Mortgage Company ("GMAC"), which transferred the note and deed of trust to MidFirst Bank ("MidFirst"). After the Zabloskys defaulted on their mortgage payments, MidFirst and Midland Mortgage Co. ("Midland"), a division of MidFirst, sought to foreclose on the Zabloskys' property. The Zabloskys alleged that MidFirst and Midland lack standing to foreclose because the transfers of the mortgage to GMAC and then to MidFirst were unrecorded and therefore void. MidFirst and Midland filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted that motion, concluding that the Zabloskys had failed to state a claim against MidFirst and Midland.

The Zabloskys then moved for leave to file an amended complaint, alleging that MidFirst and Midland lacked standing to foreclose because the note was not indorsed to MidFirst. The Department of Housing and Urban Development opposed the motion. The district court denied the motion and entered a final judgment in favor of MidFirst and Midland, as well as Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50223

MERSCORP Holdings, Inc. The Zabloskys filed a notice of appeal in which they challenged the district court's denial of their motion for leave to file an amended complaint. The district court denied the Zabloskys' motion to proceed IFP on appeal, finding that "the proposed appeal is lacking in arguable legal merit, and is frivolous."

We construe the Zabloskys' IFP motion as a challenge to the district court's certification that their appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In reviewing that certification, our "inquiry is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We review the district court's decision to deny leave to amend a complaint for abuse of discretion. *United States ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004). Although "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *Ballard v. Devon Energy Prod. Co.,* 678 F.3d 360, 364 (5th Cir. 2012) (internal quotation marks and citation omitted). Where the district court fails to explain adequately the basis for its denial, "we affirm only where the reason for the denial is readily apparent and the record reflects ample and obvious grounds for denying leave to amend." *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (internal quotation marks and footnotes omitted)).

The district court's explanation for denying the Zabloskys' motion was that "[t]he proposed amended complaint attempts to re-state Plaintiffs' failed

claims against these Defendants." We read the district court's explanation as a finding that the amendment would be futile, and we agree with that conclusion. Assuming that the note was not indorsed to MidFirst, that fact alone would not deprive MidFirst of standing to foreclose. Although indorsement may be required for a party to become the holder of a note, a non-holder may still enforce a note if he proves the transfer by which he acquired the note. *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 84 (Tex. Ct. App. 2012). The record contains an "Assignment of Deed of Trust," filed in the Wilson County records, through which MERS, acting as nominee for Alethes, did "hereby grant, convey, assign, transfer, and set over to MidFirst Bank . . . all of the Assignor's rights, title and interest in and to . . . [t]he Promissory Note [and] . . . [t]he Mortgage." That assignment indicates that MidFirst is the owner of the note and deed of trust and has standing to foreclose on the Zabloskys' property. *See id.* at 84–85 (holding that a document assigning a promissory note and deed of trust to Wells Fargo established that Wells Fargo owned the note and deed of trust and could foreclose on the note's collateral, even though the note was not indorsed to Wells Fargo). Because the filing of the amended complaint would be futile, the district court did not abuse its discretion in denying leave to amend.

The Zabloskys' appeal is without arguable merit and is thus frivolous. *See* 5th Cir. R. 42.2. Accordingly, their request for IFP status is DENIED, and their APPEAL IS DISMISSED. *See Baugh,* 117 F.3d 197, 202 & n.24 (5th Cir. 1997).