ACCEPTED
03-14-00029-CV
6244541
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/27/2015 10:49:19 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00029-CV**

**In the Court of Appeals
for the
Third Court of Appeals District of Texas
Sitting at Austin, Texas**



FILED
*July 28, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

_____

**Oscar Melendez and Connie Melendez, Appellants**

**vs.**

**Citimortgage, Inc., Ernestine Williams and Wendy Alexander, Appellees**

_____

**Appealed from the 261st District Court
of Travis County, Texas
The Honorable Lora Livingston, Presiding**

_____

**MOTION FOR REHEARING**

_____

Michael Brinkley
State Bar No. 03004300
BRINKLEY LAW PLLC
P. O. Box 820711
Fort Worth, TX 76182-0711
(817) 284-3535; metro (817) 589-7111
(888) 511-0946
Attorney for Appellant, Oscar Melendez

MOTION FOR REHEARING

**No. 03-14-00029-CV**

**In the Court of Appeals
for the
Third Court of Appeals District of Texas
Sitting at Austin, Texas**

_____

**Oscar Melendez and Connie Melendez, Appellants**

**vs.**

**Citimortgage, Inc., Ernestine Williams and Wendy Alexander, Appellees**
_____

**Appealed from the 261ˢᵗ District Court
of Travis County, Texas
The Honorable Lora Livingston, Presiding**
_____

**MOTION FOR REHEARING**
_____

TO THE HONORABLE COURT OF APPEALS:

Appellant, Oscar Melendez, respectfully submits this Motion for Rehearing under Texas Rule of Appellate Procedure 49.1 and any other applicable law. Mr. Melendez acts solely herein, as his wife, Connie Melendez, died after the case was submitted.

I.

On the 25ᵗʰ day of June, 2015, this Court's panel upheld the judgment of the trial court in a memorandum opinion signed on behalf of the Court by Justice Bourland (the "Opinion").

## II.

This Court erred in overruling Appellant's Points of Error, because the trial court should have denied summary judgment first, as a matter of fundamental law, and additionally due to fact questions raised by Appellee's own summary judgment evidence–as already explained at length in the Appellants' response to the motion for summary judgment, in their motion for new trial, and in briefing to this Court.

## III.

The Opinion makes an assumption at several points of something not proven by the summary judgment evidence: that Amtrust made Citimortgage, Inc. the mortgage servicer because Amtrust was the mortgagee at the time of such designation of Citimortgage's status. However, the Note, even as offered by Citimortgage (page 62 of the Clerk's Record) does not indicate any date of indorsement, nor is there any other indication of when Amtrust's interest might have terminated. Thus, there was not sufficient proof before the trial court to determine whether or not Citimortgage was properly deemed the "mortgage servicer" at the times of taking actions preliminary to foreclosure. It is not enough to rely on a presumptive appointment of Citimortgage as servicer by Amtrust, because at the time of the giving of all predicate notices to the foreclosure, Citimortgage was claiming in those notices that Amtrust then held no interest, hence the status of Citimortgage in relation to the Note and Deed of Trust had to be determined at those

times by means other than a questionably timed appointment as servicer in 2006.

IV.

Melendez clearly <u>can</u> challenge the Assignment to Citimortgage, Inc., and/or the Appointment of substitute trustees, in the circumstances of (a) a claim involving the fraudulent nature of all or part of the instrument, or (b) the invalidity of the Assignment or Appointment due to the lack of capacity of the person executing such instruments, respectively. A Texas bankruptcy court has noted:

> … it is axiomatic that an assignee walks in the shoes of the assignor. *State v. Oakley, 181 S.W.3d 855 (Tex. App. -Austin 2005)*, and other courts in other jurisdictions have held that when a perfected lien is assigned, no new lien is created, and therefore, an assignee of a lien which has been perfected succeeds to the perfected status via the assignment and may assert the lien. *In re Wuerzberger, 284 B.R. 814 (Bankr. W.D. Va. 2002)*; *In re Field, 263 B.R. 323, 329 (Bankr. D. Idaho 2001)*.

*In Re Kleibrink*,346 B.R. 734, 758; 2006 Bankr. LEXIS 1633 *56 (Bankr. N. D. Tex. 2006), affirmed August 28, 2007.

In *Green v. JPMorgan Chase Chase Bank*, 937 F.Supp.2d 849, 855-856 (N.D.Tex. 2013), a Texas federal district court squarely addressed this issue at length, and found that debtors such as Melendez can indeed challenge assignments (emphases supplied):

> The Court is aware of no Texas court that has denied standing to all borrowers to challenge assignments of their mortgages. Rather, as this Court has previously noted,

The law is settled that the obligors of a claim may defend the suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only, because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice.

*Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at \*6 (N.D. Tex. Aug. 29, 2012) (quoting *Kramer v. Fed. Nat'l Mortg. Ass'n*, No. A-12-CA-276-SS,, 2012 WL 3027990, at \*4-5 (W.D. Tex. May 15, 2012)); accord *Miller v. Homecomings Fin., LLC*, 881 F.Supp.2d 825, 831 (S.D. Tex. 2012) (**"Texas has long followed the common law rule which permits a debtor to assert against an assignee any ground that renders the assignment [p. 856] void or invalid."** ) (citing *Tri-Cities Constr., Inc. v. American Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex.Civ.App.–Houston [1st Dist.] 1975, no writ); *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex.Civ.App.–San Antonio 1959, writ ref'd n.r.e.)). As the *Glass* court observed, **"a debtor may, generally, assert against an assignee all equities or defenses existing against the assignor prior to notice of the assignment, any matters rendering the assignment absolutely invalid or ineffective, and the lack of plaintiff's title or right to sue."** 330 S.W.2d at 537 (quoting 6 C.J.S. Assignments § 132 [no ed. given]) [4] (emphasis added). And, as the Miller court recognized, " Texas courts routinely allow a homeowner to challenge the chain of assignments by which a party claims the right to foreclose." 881 F.Supp.2d at 832 (citing *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 2012 WL 2529251 (Tex. App. --Houston [1st Dist.] June 14, 2012, no pet.); *Austin v. Countrywide Homes Loans*, 261 S.W.3d 68 (Tex. App.–Houston [1st Dist.] 2008, pet denied); *Leavings v. Mills*, 175 S.W.3d 301 (Tex. App.–Houston [1st Dist.] 2004, no pet.); *Shepard v. Boone*, 99 S.W.3d 263 (Tex. App.–Eastland 2003, no pet.) ; *Priesmeyer v. Pac. Sw. Bank, F.S.B.*, 917 S.W.2d 937 (Tex. App.–Austin 1996, no writ)).

Some lenders and servicers cite to *Reinagel v. Deutsche Bank Nat'l Trust Co.*,

735 F.3d 22, 225 and 226 (5th Cir. 2013). But, footnote 8 in the first *Reinagel* opinion,

at 722 F.3d 700, 705, cited to (emphasis supplied): "*Tri-Cities Const., Inc. v. Am. Nat. Ins. Co.*, 523 S.W.2d 426, 430 (Tex.Civ.App.1975) (citing *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex.Civ.App.1959)); see also, e.g., 6A C.J.S. ASSIGNMENTS § 132 (2013) ("A debtor may, generally, assert against an assignee ..., any matters rendering the assignment absolutely invalid ..., such as [] **the nonassignability of the right attempted to be assigned, or a prior revocation of the assignment**."); *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1033 (8th Cir.2012) (recognizing that mortgagors can defend against foreclosure by establishing a fatal defect in the purported mortgagee's chain of title)." In the instant case, there is just such a fatal defect in the chain of title, where there was the Assignment made without capacity, and all acts from and after such Assignment are tainted. The Appointment of Substitute Trustees, the notices to Melendez preceding the foreclosure sale, and the Substitute Trustee's Deed all relied on the Assignment for validity, and therefore should be deemed of no effect, and all acts flowing from and after the Assignment should be held void, the foreclosure acts disregarded and the substitute trustee's deed removed from the chain of title to the Property.

## V.

The import of the Hultman deposition transcript offered with the Melendez response to the Motion for Summary Judgment was that clearly, persons such as the

person executing the Assignment were never actually appointed to their claimed positions by the board of directors of Mortgage Electronic Registration Systems, Inc. ("MERS"). Those persons claimed authority to act from certifications issued by Mr. Hultman, but were never appointed to any MERS office by the MERS board of directors, and hence lacked authority for instruments such as the Assignment, which was therefore void, rendering all subsequent actions of Citimortgage with respect to the Melendez Note and Deed of Trust invalid.

VI.

The Opinion never bridges the gap created by the Assignment being putatively made by MERS on behalf of a "dead" entity, Amtrust having ceased to exist before MERS claimed to have acted as its nominee/agent. It is a solidly established principle that "the law is clear that an agent's authority to bind his principal terminates upon the principal's death. See *Cleveland v. Williams*, 29 Tex. 204, 213 (1867); *Crawford v. Morris*, 228 S.W.2d 364, 366 (Tex. Civ. App.—Eastland 1950, writ ref'd n.r.e.)." *Cole v. McWillie*, 11-12-00265-CV (Tex.App.–Eastland 2015), p. 9. MERS, by its declared nature and by the terms of the Deed of Trust, has never been anything but a pure nominee, never a beneficial interest holder. As such, when Amtrust ceased to exist before the execution of the Assignment, the ownership of the lien of the Deed of Trust would have had to have been settled independently of MERS, before MERS could even possibly have

had any interest to convey. There is no evidence of any such disposition.

## **Conclusion**

Rehearing of this case, by the panel or en banc, and vacating of the June 25, 2015 memorandum opinion and judgment, would be consistent with the apparent purpose of the applicable common law of Texas and the cited statutes and rules. In the interest of justice in this matter, Appellant asks that the Court grant this motion for rehearing.

Respectfully submitted,

*/s/ Michael Brinkley*

_____

**Michael Brinkley**
State Bar No. 03004300
BRINKLEY LAW PLLC
P. O. Box 820711
Fort Worth, Texas  76182-0711
(817) 284-3535
(888) 511-5854; fax (888) 511-0946
michael@brinkleypllc.com
Attorney for Appellant

## Certificate of Compliance for T.R.A.P. 9.4(i)(3)

I certify that the word count indicated by my word processing software for the portions of the Appellant's Motion for Rehearing covered by Texas Rule of Appellate Procedure 9.4(i)(1) is 1,489, which, when added to the 2,786 words in Appellant's brief, totals 4,275 words.

Dated: July 27, 2015.

*/s/ Michael Brinkley*

_____

**Michael Brinkley**

## Certificate of Service

I certify that a true and correct copy of the foregoing has been served on the following counsel and/or pro se parties of record, by mailing in accordance with Texas Rule of Appellate Procedure 9.5, on July 27, 2015:

**James G. Ruiz**
WINSTEAD PC
401 Congress Avenue, Suite 2100
Austin, Texas 78701
fax (512) 370-2850

Attorneys for Appellee.

*/s/ Michael Brinkley*

_____

**Michael Brinkley**