**TRI–CITIES CONSTRUCTION, INC., Appellant,**

v.

**AMERICAN NATIONAL INSURANCE COMPANY, Appellee.**

No. 16481.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 1, 1975.

Rehearing Denied May 29, 1975.

Childs, Fortenbach, Beck & Guyton, Stephen R. Kirklin, Houston, for appellant.

Dibrell, Dibrell, Greer & Brown, Ronald M. Gipson, Galveston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a summary judgment in favor of American National Insurance Company, the defendant in the trial court.

This controversy grows out of a loan commitment agreement between the defendant and MarkLand Development, Inc., whereby the defendant agreed to provide permanent financing in the sum of $550,000.00 to MarkLand on the security of a completed commercial real estate development. MarkLand was required by said agreement to deposit $11,000.00 as a "standby" fee. Such fee was to be retained by defendant as liquidated damages if such loan was not closed prior to the expiration of the loan commitment on November 30, 1971. The plaintiff alleges that

it has acquired from MarkLand all of its rights and interest in and to the loan commitment contract with defendant. The loan was not consummated and the defendant has refused to refund the standby fee or any part thereof for the reason that it is entitled under the contract to retain the same as liquidated damages.

The burden of establishing that there is no genuine issue of material fact is upon the movant, defendant, and all doubts are resolved against him. The defendant has the burden of either negating plaintiff's cause of action or establishing an affirmative defense as a matter of law. The question on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact in the case. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952); Nichols v. Smith, 507 S.W.2d 518 (Tex.1974); Gibbs v. General Motors, 450 S.W.2d 827 (Tex.1970).

An agreement in a contract fixing the damages for the breach thereof will not be enforced unless (a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and (b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation. Stewart v. Basey, 150 Tex. 666, 245 S.W. 2d 484 (1952).

The plaintiff plead that the sum of $11,000.00 is grossly in excess of any damages which may have been suffered by American National by reason of Mark-Land's breach of the loan commitment agreement, and that, therefore, the provision is for a penalty rather than true liquidated damages. In this summary judgment proceeding the burden is on the movant, American National, to prove by summary judgment evidence that $11,000.00 is a reasonable forecast of just compensation for the harm which they have suffered by reason of MarkLand's failure to consummate the loan.

The only evidence bearing upon this issue before the trial court was the contract itself. In this respect the case is different from many of the cases cited to us in which such a provision has been upheld. In Shel-Al Corporation v. American National Insurance Company, 492 F.2d 87 (5th Cir. 1974), in a well-reasoned opinion the court upheld a contract provision substantially the same as the one in question and found it to be an enforceable provision for liquidated damages as opposed to a penalty. The court stated that the weight of authority places the burden of establishing the contract provision to be a penalty on the party urging it. The court further said:

"Even if this burden of proof had been placed on American National, there was adequate evidence to sustain the finding that the $48,000 was liquidated damages, since American National's probable damages were not readily capable of accurate ascertainment and were not out of proportion to the stipulated $48,000. . . ."

Similarly in White Lakes Shopping Center, Inc. v. Jefferson Standard Life Insurance Company, 208 Kan. 121, 490 P.2d 609 (1971), the provision for a standby fee in a permanent loan commitment agreement was upheld as a provision for liquidated damages rather than for a penalty. There the court held that the trial court's finding that the amount was reasonable was supported by substantial evidence in the record.

A fact issue is raised in the pleadings as to whether or not the sum required to be deposited was reasonable under the circumstances existing at the time the loan commitment was agreed upon, and in this summary judgment proceeding the burden was upon American National to present summary judgment evidence proving the reasonableness of the required deposit.

By counterpoint appellee has urged that the loan commitment was not capable of

assignment and therefore the plaintiff was not a proper party to prosecute the suit. It is also urged that the assignment agreement between MarkLand and Tri-Cities shows on its face that it is void.

The agreement between Tri-Cities Construction, Inc. and MarkLand Development, Inc. recites that MarkLand is indebted to Tri-Cities for materials and services rendered and has entered into this agreement for the purpose of discharging, by assignment of certain assets, certain of the liabilities of MarkLand to Tri-Cities. In Section B of this contract entitled "Chrysler Southpoint Dodge Project" in paragraph 1 under Section B, the project is described. There is a recitation that MarkLand is presently negotiating for the sale of the project upon completion of the building to an investor who will purchase the same subject to a first mortgage and the lease with "Realty". Paragraph 2 reads:

*Assignment to Tri-Cities.* MarkLand does hereby assign to Tri-Cities all of its right, title and interest in and to the Chrysler Southpoint Dodge Project described in Paragraph 1 above, and with reference thereto, the parties agree as follows:

(a) MarkLand shall promptly complete the land purchase contemplated by the Build Lease, following which it shall deliver to Paul K. Gaston a warranty deed conveying said property to Tri-Cities, subject only to a construction mortgage and other restrictions of record. Mr. Gaston shall hold said deed unrecorded in escrow. Within the same time, MarkLand shall complete all details necessary for securing the construction and permanent loans on the project. If MarkLand shall not have completed acquisition of the land or completion of the loan details on or before February 20, 1971, Part B of this Agreement shall be null and void and said deed shall be returned to MarkLand and any amounts disbursed by Tri-Cities pursuant to Paragraph 3 of Part B of this Agreement, . . . shall promptly be reimbursed by MarkLand to Tri-Cities.

(b) MarkLand shall, as expeditiously as possible, complete all of the steps required in the proposed transaction and shall pay all costs relating thereto. MarkLand's obligations shall include the duty to use its best efforts to negotiate a profitable sale of the project to an outside investor, but any such sale shall be subject to the prior approval of Tri-Cities. If MarkLand shall not have completed the sale to an outside investor by March 15, 1971, the warranty deed held by Mr. Gaston, unless earlier returned to MarkLand pursuant to subparagraph (a) above, shall be delivered to Tri-Cities.

(c) Upon completion of the proposed sale, all proceeds received from the investor over and above the mortgage loan assumed by him shall be disbursed as follows:

(1) All direct costs of MarkLand . . . that were not paid from mortgage proceeds on the project shall be reimbursed to MarkLand.

(2) The balance of said proceeds shall be paid to Tri-Cities."

Subparagraph (a) of Section B 2 of the Assignment agreement provides that the agreement shall be null and void if MarkLand shall not have completed the loan details on or before February 20, 1971. The commitment agreement with American National was dated March 3, 1971, at which time there was only a conditional acceptance, which was finalized by the acceptance of a letter dated March 24, 1971, the acceptance being dated March 30, 1971. There is evidence, therefore, that the completion of the loan details did not occur prior to February 20, 1971.

Subparagraph (b) of paragraph 2 of Section B of the assignment agreement

requires MarkLand to try to sell the project. In paragraph V. of the plaintiff's petition plaintiff alleges that prior to the consummation of the loan between American National and MarkLand, MarkLand arranged to sell the premises subject to the loan commitment to a third party. However, prior to the consummation of such sale, Chrysler exercised its option to purchase said premises. The date of this sale to Chrysler is not alleged nor is it disclosed in the summary judgment evidence. There is no evidence that this sale occurred after February 20, 1971. The summary judgment evidence does not establish that the assignment from MarkLand to Tri-Cities is void. In reaching this conclusion we have found it unnecessary to determine whether or not the fact that the loan details were not settled prior to February 20 as provided in the loan commitment agreement rendered the assignment void rather than voidable.

The law is settled that the obligors of a claim may defend the suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only, because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice. Glass v. Carpenter, 330 S.W.2d 530 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.).

American National has not denied the genuineness of the assignment by sworn plea as required by Rule 93(i), Texas Rules of Civil Procedure. The plaintiff alleged that by virtue of the assignment agreement dated February 9, 1971 it acquired all of MarkLand's right, title and interest in the loan commitment agreement. Such allegation must be deemed proved by reason of the rule. American Hydrocarbon Corporation v. Hickman, 393 S.W.2d 197 (Tex.Civ.App.—Texarkana 1965, n.w.h.). The cause of action for the recovery of the money deposited by MarkLand with

American National by virtue of the loan commitment agreement is based upon a severable portion of said contract. While a contract calling for credit between the parties is not assignable, the severable portion of the contract not involving the extension of credit can be assigned. Southern Community Gas Co. v. Houston Natural Gas Corp., 197 S.W.2d 488 (Tex.Civ. App.—San Antonio, writ ref'd).

When the assignment contract is viewed as a whole it appears that it was not intended by the parties that MarkLand assign to Tri-Cities its right to require American National to extend credit to MarkLand. MarkLand did assign to Tri-Cities all of its right, title and interest in the project. In view of the provisions of subparagraph (c) of paragraph 2 of Section B of the assignment contract, we conclude that the assignment included the right to recover the deposit, or part thereof, in the event the standby fee provision of the loan commitment agreement should be found to be a penalty. Appellee's counterpoints cannot be sustained.

Reversed and remanded.