**Opinion issued July 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00220-CV

————————————

## WINONA FLIPPON VAZQUEZ, Appellant

## V.

## DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., Appellee

On Appeal from the 281st District Court
Harris County, Texas
Trial Court Case No. 2012-21582

## O P I N I O N

Appellee Deutsche Bank National Trust Company, N.A., foreclosed on a house owned by appellant Winona Flippon Vazquez. After the foreclosure sale, Vazquez sued Deutsche Bank. She alleged that the assignment of the note and deed of trust by her original lender to Deutsche Bank was invalid, and that therefore the

foreclosure was also invalid. Deutsche Bank moved for summary judgment, arguing that Vazquez lacked standing to file the lawsuit to protect her interest in her own home by challenging the validity of the assignment. The trial court agreed with the bank and entered judgment in its favor.

We conclude that the bank failed to establish as a matter of law that Vazquez lacks standing to challenge an allegedly void or invalid assignment of a deed of trust that affects the chain of title of property as to which she claims a superior ownership interest. Accordingly, we reverse this portion of the trial court's order and remand for further proceedings.

### Background

Winona Vazquez owned a house in Houston. She borrowed money from Argent Mortgage Company and executed a note and deed of trust in its favor. Argent engaged Citi Residential Lending, Inc. as mortgage servicer and gave it a limited power of attorney to act on its behalf. Citi's board of directors delegated its authority in this regard to some of its employees, including one named Bryan Bly. The document purporting to assign the deed of trust and note to Deutsche Bank bears a signature over a line indicating that it was signed by "BRYAN BLY VICE PRESIDENT." It was filed in the public real property records of Harris County.

When Vazquez defaulted on her loan, Deutsche Bank foreclosed. A substitute trustee conducted a non-judicial foreclosure and delivered a foreclosure

deed to Deutsche Bank, which was recorded. Several months later, Vazquez filed suit against Deutsche Bank. Her petition prayed for rescission of the foreclosure sale and deed, as well as a declaratory judgment quieting title to the property in her name.

Vazquez's petition alleged several reasons why the document purporting to assign the note and deed of trust to Deutsche Bank was invalid. She argued that assignment of the deed of trust was outside the power granted to Citi by the limited power of attorney it received from Argent. She also contended that the assignment agreement was made after the date when the trust or "pool" of mortgages to which Argent contributed Vazquez's loan was "closed." Finally, she claimed that Bly's electronic signature was affixed to the assignment by someone else without his knowledge or approval.

Deutsche Bank moved for traditional summary judgment, TEX. R. CIV. P. 166a(c), claiming that Vazquez was not a party to the assignment of her mortgage, and thus she had no standing to challenge it. No evidence was attached to the summary judgment motion—it was advanced based solely on the face of Vazquez's pleadings and on purely legal grounds. After Vazquez filed a response with attached evidence, and Deutsche Bank replied, the trial court entered summary judgment in favor of the bank. Vazquez appealed.

**Analysis**

**I.      Standing to challenge assignment**

Vazquez argues that the trial court erred in granting summary judgment in favor of Deutsche Bank because she had standing to challenge a void or invalid assignment of a deed of trust pertaining to property which she claims to own.

Traditional summary judgments are reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The movant has the burden of showing that no genuine issue of material fact exists and that it is therefore entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In this case, Deutsche Bank did not attach evidence to its motion for summary judgment. When a defendant thus moves for summary judgment "on the pleadings," we take "all allegations, facts, and inferences in the pleadings as true and view[] them in a light most favorable to the pleader." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).

"A court has no jurisdiction over a claim made by a plaintiff without standing to assert it." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008). "For standing, a plaintiff must be personally aggrieved; his alleged injury must be concrete and particularized, actual or imminent, not hypothetical." *Id.* at 304–05 (footnotes omitted). "A plaintiff does not lack standing simply because he

cannot prevail on the merits of his claim; he lacks standing because his claim of injury is too slight for a court to afford redress." *Id.* at 305.

In her brief, Vazquez contends that "Texas follows the common law rule permitting a debtor to assert against an assignee any ground that renders the assignment void or invalid." She relies upon *Tri–Cities Construction, Inc. v. American National Insurance Co.*, 523 S.W.2d 426 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ), in which this court wrote: "The law is settled that the obligors of a claim may defend the suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only . . . ." 523 S.W.2d at 430 (citing *Glass v. Carpenter*, 330 S.W.2d 530 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.)). The authority for this proposition may be traced to *Corpus Juris Secundum*:

> A debtor may, generally, assert against an assignee . . . any matters rendering the assignment absolutely invalid or ineffective, and the lack of plaintiff's title or right to sue; but, if the assignment is effective to pass legal title, the debtor cannot interpose defects or objections which merely render the assignment voidable at the election of the assignor or those standing in his shoes.

6 C.J.S. *Assignments* § 132 (quoted in *Glass*, 330 S.W.2d at 537).

As a matter of precedent and policy, a Texas mortgagor has standing to challenge an assignment of a deed of trust in the chain of title of a rival claimant to land that she owns. *See Tri-Cities*, 523 S.W.2d at 430; *Glass*, 330 S.W.2d at 537. If foreclosure on a home is initiated by a person or entity whose right to foreclose is

5

contingent upon the validity of an assignment, the homeowner has standing to attack the assignment and thereby seek to stop or reverse the foreclosure. Such a homeowner is "personally aggrieved" because she is at risk of losing her house, and the allegation of such an injury is sufficiently "concrete and particularized" to confer standing to sue. *See DaimlerChrysler*, 252 S.W.3d at 304. As courts have long implied when explaining the function of actions to quiet title, even the barest competing claim to real property is an injury that is actual or at least imminent, and not one that is merely hypothetical. *See, e.g.*, *Thomson v. Locke*, 66 Tex. 383, 388–89, 1 S.W. 112, 115 (1886) (describing "suits necessary, as occasion may require it, to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right"); *Hahn v. Love*, 394 S.W.3d 14, 33 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (same).

In the time since the trial court entered summary judgment in this case and Vazquez brought this appeal, the United States Court of Appeals for the Fifth Circuit issued a decision persuasively explaining the law in Texas on the standing of a property owner to challenge an assignment of her note and deed of trust. *See Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220 (5th Cir. 2013). Although the court in *Reinagel* ultimately affirmed the dismissal of the mortgagor's suit, it expressly declined to do so on the basis, advocated by the bank, that the mortgagor lacked standing to challenge the validity of an assignment. As a general rule, "a

non-party to a contract cannot enforce the contract unless she is an intended third-party beneficiary." *Id.* at 224–25 (citing *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007)). However, that rule does not apply when a party, rather than seeking to enforce the contract, instead alleges that the contract was void from the outset. *Id.* at 225. Relying on the precedent of this court in *Tri–Cities*, the Fifth Circuit correctly observed that Texas courts adhere to "the majority rule that the obligor may defend 'on any ground which renders the assignment void.'" *Id.* (quoting *Tri–Cities*, 523 S.W.2d at 430). The federal court also noted the logic of the Texas law in this regard, considering that "[a] contrary rule would lead to the odd result that [a bank] could foreclose on [a mortgagor's] property though it is not a valid party to the deed of trust or promissory note, which . . . should mean that [the bank] lacks 'standing' to foreclose." *Id.*

In its brief, Deutsche Bank recognizes that the analysis in *Reinagel* is applicable to the present case but argues that the Fifth Circuit misread Texas law. The bank emphasizes the use of the words "may defend" in *Tri-Cities*, 523 S.W.2d at 430, and argues that a mortgagor's ability to challenge an assignment is limited to cases in which the mortgagor is a defendant defending a suit by the assignee. We disagree. *Glass v. Carpenter*, 330 S.W.2d 530 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.), the prior authority relied upon by this court in *Tri-Cities*, itself concerned a suit by a plaintiff to declare null and void an assignment to

7

which the plaintiff was not a party. *See* 330 S.W.2d at 531. Likewise, *Reinagel* began as a suit brought by mortgagors to enjoin non-judicial foreclosure proceedings instituted against their property by the defendant assignee. *See Reinagel*, 735 F.3d at 222. The *Reinagel* court correctly reasoned that to hold that the mortgagors lacked standing would have the "odd" result of leaving mortgagors without a remedy against putative assignees who pursue non-judicial foreclosures based on void assignments but who themselves are not valid parties to the deed of trust and thus lack standing to foreclose. *See id.* at 225.

Vazquez therefore has standing to pursue her suit to quiet title if her petition includes allegations that, if true, would render the assignment void. In this case, she argues that the assignment is void because the signature it bears is forged.

A forged deed is void. *See Dyson Descendant Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 947 (Tex. App.—Houston [1st Dist.] 1993, no writ); *Johnson v. Coppel*, No. 01–09–00392–CV, 2012 WL 344757, at *6 (Tex. App.—Houston [1st Dist.] Feb. 2, 2012, no pet.) (mem. op.). A document is forged if it is signed by one who purports to act as another. *See Nobles v. Marcus*, 533 S.W.2d 923, 925–26 (Tex. 1976); *Johnson*, 2012 WL 344757, at *6; *see also* Bryan A. Garner, Garner's Dictionary of Legal Usage 373 (3d ed. 2011) (concept of "forgery" includes both a false document and a "false part of a document").

In her petition, Vazquez alleged:

12. The foreclosure deed under which Deutsche asserts an interest in Plaintiff's property is defective. Although appearing valid on its face, it is in fact invalid and has no force or effect. . . .

13. The corporate assignment from Argent to Deutshe [*sic*] signed on February 13, 2009, by Bly was ineffective and void for multiple reasons; preserving the right to amend/add additional defects, Plaintiff asks the Court to consider the following issues:

. . . .

   *ii.    No transfer of the note as required by Texas law-Invalid Signature*

. . . .

16. In the present case, the signature on the purported transfer is not Bly's personal signature. Bly, who has been an employee of Nationwide Title for several years, has personally admitted through legal deposition that his signatures are electronically scanned and used by others without his supervision, approval, or personal knowledge. There are materially different versions of Bly's signature found throughout public records, which raises doubts as to the integrity of the assignments. . . . The following are excerpts from Bly's deposition testimony: . . . .

   Q:    (By Mrs. Einstein) We are back on the record. Okay, Mr. Bly, right before we took a break you were telling me that you had never seen Exhibit 5 before and that your signature on there was done by an electronic process, that you had given an exemplar to an NTC employee named Thomas McKinnon; is that correct?

   A:    That's correct . . . .

   Q:    Okay. So you don't know the actual person who pushes a button, clicks a mouse, does something, and suddenly your signature gets on the piece of paper?

9

A: No.

Q: Okay. So you don't supervise these people that apply your signature to documents; is that . . . correct?

A: That's correct.

Q: Do you know who supervises them?

A: No.

Q: Okay. Do you have any communication with them about what documents they are applying your signature to?

A: No.

Q: Okay. Does anyone ever come to ask you about a particular document, should you—you know, should your signature go on it?

A: No . . . .

Q: Okay. Now, in this loan, which you sign the assignment of, did you see the original note or mortgage change hands?

A: No.

Q: Okay. Do you know where the original note and mortgage are now?

A: No.

Q: Do you know where they were, excuse me, when you signed the assignment?[1]

---

[1] Though not quoted in the petition, the attached Exhibit F indicates that Bly's response to this question was: "Well, I wouldn't know because I didn't sign this. This was done electronically."

10

Q: (By Ms. Einstein) Okay. If you had physically signed it, would you know where those documents were?

A: No.

Q: Okay. Do you know anything at all about the [pg. 52 end] original mortgage in this case?

A: No.

17. Plaintiff objects to the signatures of the purported assignment and the validity of the notarization, and therefore is entitled to the protection of the Tex. Bus. And Com. Code.

18. Because Plaintiff has raised genuine factual concerns regarding the untimely transfer of the note and the suspicious signatures, Plaintiff urges this Court to require that Deutsche "prove the rights of [its] transferor and, of course, any prior transfers," as statutorily required by Texas law. *Id*. at 2417

. . . .

22. In light of the various material defects, Plaintiff contends that the assignment from Argent to Deutsche never took legal affect and thus all subsequent transfers are void . . . .

Vazquez thus alleged in her original petition that the assignment to Deutsche Bank was "void" and that Bly's signature on the assignment was affixed by someone else who acted without his knowledge or approval. This was an allegation of forgery, and as such, an allegation that the assignment was void. *See Nobles*, 533 S.W.2d at 926; *Dyson*, 861 S.W.2d at 947.

Deutsche Bank argues that Vazquez is claiming forgery for the first time on appeal and did not raise it in her petition. It contends that Vazquez "never used the word 'forgery,'" but instead actually asserted in her petition that "Bryan Bly signed

11

the conveyance to Deutsche" or used words to similar effect. It also claims that Vazquez never alleged that Bly's electronic signature, if used by another, was used without his authorization. Deutsche Bank thus argues that Vazquez alleged only that the assignment was made without authorization, therefore it was voidable but not void, and accordingly she lacks standing.

"Texas is a notice pleading jurisdiction, and a 'petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense.'" *Kopplow Dev. Corp. v. City of San Antonio*, 399 S.W.3d 532, 536 (Tex. 2013) (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). As such, Vazquez's pleadings did not need to use any specific words such as "forgery" or be a model of draftsmanship. With specific respect to the examples referenced by Deutsche Bank where Vazquez's petition made reference to "Bly's signature" or "Bly signing," the context must be considered, and in this circumstance that context includes Vazquez's additional allegations about the authenticity of the signature on the assignment, which she had alleged was outside the authority of Bly and Citi to make on behalf of Argent. In addition to her allegations about the authenticity of the signature on the assignment, Vazquez had also alleged that the assignment was outside the authority of Bly and Citi to make on behalf of Argent. Thus, we conclude that Vazquez's allegations in her petition

12

and the deposition testimony, read as a whole, gave Deutsche Bank fair and adequate notice that she was challenging the provenance of the signature appearing on the assignment.[2]

Moreover, this argument manifestly has not been raised for the first time on appeal. In her response to Deutsche Bank's motion for summary judgment, Vazquez repeated the essential substance of this argument. Under the subject heading of "standing," she argued that "Deutsche's ownership claim based on a public record assignment is void because an unauthorized person, Bryan Bly, signed the conveyance to Deutsche," noting and providing evidence that Bly admitted, in deposition testimony, "that others routinely use his signatures without

---

[2]  Several further principles support our reading of the petition as providing fair notice of an allegation of forgery. To the extent that there is arguable ambiguity in Vazquez's pleadings, that ambiguity must be resolved in favor of standing. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (holding that standing is a component of subject matter jurisdiction and that when reviewing a dismissal for want of subject matter jurisdiction, appellate courts must "construe the pleadings in favor of the plaintiff and look to the pleader's intent"). Second, "When a party fails to specially except, courts should construe the pleadings liberally in favor of the pleader." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). Deutsche Bank now suggests a pleading deficiency to argue that forgery was not actually alleged, but the proper method under Texas procedure to challenge a defect in the pleadings, including ambiguity, is the special exception. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (per curiam). The Supreme Court has held that a "summary judgment should not be based on a pleading deficiency that could be cured by amendment." *See In re B.I.V.*, 870 S.W.2d 12, 13–14 (Tex. 1994).

his supervision, approval or personal knowledge." Thus, in direct response to the summary judgment motion based on a challenge to her standing, Vazquez specifically responded with an argument that she had standing to challenge the assignment to Deutsche Bank as "void" because it bore a signature made without the "supervision, approval, or personal knowledge" of the person who purportedly signed it. The word "forgery" does not appear, but the substance of the argument suggests precisely that.

Since Vazquez's petition adequately alleges forgery, and her response to the summary judgment motion raised that argument as the reason why she contends the assignment to Deutsche Bank was void, the trial court should not have granted summary judgment on the basis that she lacked standing to pursue her quiet-title claim. We sustain her sole appellate issue.

## II. Government Code claim

Though not addressed by Vazquez's appellate issue, there was a separate cause of action alleged in her petition. Relying on the same factual allegations discussed above, Vazquez purported to state a claim under section 51.901 of the Government Code that the assignment was "fraudulent" and unlawfully filed in the

public records.[3] In connection with this claim, she asked the court "to determine the lien and subsequent transfer of Plaintiff's property null and void."

This claim was addressed by Deutsche Bank's motion for summary judgment. The bank argued that the Government Code claim failed as a matter of law because the provision relied upon by Vazquez addresses only the filing of documents that purport to create a lien, not documents that purport to transfer one.

Vazquez's arguments on appeal do not extend to contesting Deutsche Bank's argument, made in its motion for summary judgment, that regardless of standing, her claim under the Government Code fails as a matter of law. As such, we do not review, and must leave undisturbed, the trial court's entry of summary judgment as to Vazquez's claim under the Government Code. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655 (Tex. 2001) (per curiam) (holding that court of

---

[3]     *See* TEX. GOV'T CODE ANN. § 51.901(a)(2) (West 2013) ("If a . . . district clerk, county clerk, district and county clerk, or municipal clerk has a reasonable basis to believe in good faith that a document or instrument previously filed or recorded or offered or submitted for filing or for filing and recording is fraudulent, the clerk shall: . . . if the document or instrument purports to create a lien or assert a claim on real or personal property or an interest in real or personal property, provide written notice of the filing, recording, or submission for filing or for filing and recording to the stated or last known address of the person named in the document or instrument as the obligor or debtor and to any person named as owning any interest in the real or personal property described in the document or instrument.").

15

appeals erred in reversing summary judgment as to both claims when appellant only challenged grounds for summary judgment as to one of the claims).

## Conclusion

We reverse that portion of the trial court's summary-judgment order dismissing Vazquez's quiet-title claim and remand the claim for further proceedings consistent with this opinion.


Michael Massengale
Justice

Panel consists of Chief Justice Radack, Justice Massengale, and Justice Huddle.