# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00344-CV

**Blaine Standiford, Appellant**

**v.**

**CitiMortgage, Inc. and MERSCORP Holdings, Inc., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-12-003709, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this appeal concerning the nonjudicial foreclosure of residential property pursuant to a mortgage deed of trust, appellant Blaine Standiford, the mortgagor, challenges the district court's final judgment granting the motion for summary judgment of appellees CitiMortgage, Inc. (CMI) and MERSCORP Holdings, Inc.  For the following reasons, we affirm.

## BACKGROUND

In 1998, Standiford signed a deed of trust and promissory note payable to Amerigroup Mortgage Corporation a division of Mortgage Investors Corporation (Amerigroup) to purchase residential property.  Amerigroup assigned the note and deed of trust to Source One Mortgage Services Corporation (Source One), and Source One assigned the beneficial interest in 2000 to Mortgage Electronic Registrations Systems, Inc. (MERS), a wholly-owned subsidiary of

MERSCORP.[1]  MERS subsequently assigned the note and deed of trust to CMI in May 2010. Standiford thereafter began making payments to CMI.

In July 2012, Standiford was in default after failing to make required payments under the note.  After notifying Standiford of its intent to accelerate, CMI declared all sums due and owing, and provided further notice, dated July 11, 2012, to Standiford of the acceleration and foreclosure sale by substitute trustee scheduled for August 7, 2012.  The substitute trustee sold the property by foreclosure sale on that date.

Standiford sued appellees asserting multiple claims, including void and illegal foreclosure, violations of the Finance Code, violations of section 12.002 of the Texas Civil Practice and Remedies Code, violations of the Deceptive Trade Practices Act, and suit to quiet title.[2]  *See* Tex. Civ. Prac. & Rem. Code § 12.002 (addressing liability related to use of fraudulent court record or lien or claim against property); Tex. Fin. Code §§ 392.301 (prohibiting threats or coercion by debt collectors), .304 (prohibiting fraudulent, deceptive, and misleading representations by debt collectors), .404(a) ("A violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter."); *United States Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 Tex. App. LEXIS 10253, at *7 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.) (listing elements of quiet title cause

---

[1]  "The MERS system is 'an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans.'" *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 Tex. App. LEXIS 7506, at *3 n.2 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.) (citation omitted).

[2]  Standiford also sued Vendor Resource Management.  In its final judgment, the district court granted Vendor's motion for traditional summary judgment.  Standiford filed an agreed motion to dismiss Vendor from this appeal, which we granted.

of action to require that plaintiff have interest in property and title to property affected by defendant's claim and that defendant's claim, although facially valid, be invalid or unenforceable).

Appellees moved for traditional summary judgment on Standiford's claims against them on the following grounds:

1. Standiford's claims for a void and illegal foreclosure, violations of the Texas Finance Code, violations of Section 12.002 of the Texas Civil Practice and Remedies Code, violations of the Texas Deceptive Trade Practices Act, and a suit to quiet title, all of which rest on the allegations that MERS[CORP] did not have authority to assign the loan to CMI and CMI did not have the authority to foreclose, fail as a matter of law;

2. Juanita Strickland was properly appointed as a substitute trustee and properly completed the foreclosure sale;

3. Chapter 51 does not require that a borrower be given 21 days' notice of a substitute trustee appointment;

4. Standiford has no standing to complain about the alleged fraudulent assignments;

5. Neither MERS[CORP] nor CMI filed any fraudulent liens or court records; and

6. Standiford is not a consumer as defined by the DTPA.

Appellees' evidence included affidavits, discovery responses by Standiford, copies of the note and deed of trust, and certified copies of (i) assignments of the note and deed of trust from Amerigroup to Source One, from Source One to MERS, and from MERS to CMI, (ii) special warranty deed from the foreclosure sale, (iii) notice of the trustee's sale, (iv) appointment of substitute trustee, and (v) notice of acceleration and the scheduled foreclosure sale that was sent certified mail to Standiford. In his discovery responses, Standiford admitted that he defaulted on the loan by failing

3

to pay in accordance with the loan's terms and that he received notice of CMI's acceleration and the scheduled foreclosure sale.

Standiford filed a response and a competing motion for partial summary judgment, challenging the foreclosure and MERS's authority to assign any interest in his loan and contending that certain recorded documents violated section 12.002 of the Civil Practice and Remedies Code.[3] Standiford's evidence included copies of the challenged documents, an affidavit by his attorney, and two exhibits that the district court struck based on appellees' objections and motion to strike.[4] CMI responded to Standiford's motion and filed additional evidence including a supplemental affidavit by a CMI employee who testified that CMI was the holder of the note.

In its final judgment, in addition to granting appellees' motion to strike, the district court granted appellees' motion for summary judgment and denied Standiford's motion without specifying the reasons for its rulings. Standiford filed a motion for new trial and a motion for judgment nunc pro tunc, or in the alternative, motion to modify judgment. The motions were overruled by operation of law, and this appeal followed.

---

[3] The recorded documents that Standiford contended violated section 12.002 were the appointment of substitute trustee, assignments of the note and deed of trust, notices of substitute trustee's sale, and substitute trustee's deed.

[4] The district court struck: (i) a document titled "Remarks of R.K. Arnold President and CEO of MERSCORP, Inc. Before the Senate Committee on Banking, Housing and Urban Affairs November 16, 2010," and (ii) a letter dated February 5, 2013, to the members of the Williamson County Commissioners Court from Bill Beckman, the President and CEO of MERS.

**STANDARD OF REVIEW**

We review a trial court's decision to grant summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To prevail on a traditional summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence that raises a fact issue. *See Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999). When the trial court does not specify the grounds for granting the motion, as is the case here, we must uphold the judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Knott*, 128 S.W.3d at 216.

**DISCUSSION**

In five issues, Standiford challenges the district court's summary judgment in favor of appellees.[5] He alleges that the district court erred because: (i) there exist genuine issues of material fact as to whether MERSCORP possessed authority to assign Standiford's loan to CMI; (ii) the substitute trustee did not have authority to act under the deed of trust and, therefore, did not have authority to conduct the foreclosure sale, (iii) Standiford had standing to challenge the assignment of the deed of trust, (iv) there exist genuine issues of material fact as to whether

---

[5] Standiford also raised a sixth issue as to his claims against Vendor. As previously stated, we granted Standiford's agreed motion to dismiss his appeal to the extent that it was brought against Vendor. Thus, we do not address Standiford's sixth issue.

5

documents recorded by appellees violated section 12.002 of the Texas Civil Practice and Remedies Code, and (v) Standiford is a "consumer" as defined in the DTPA.

*Standiford's Standing to Challenge the Assignment from MERS to CMI*

We begin with Standiford's third issue because it addresses the district court's subject matter jurisdiction to consider his claims that are premised on MERSCORP's lack of authority to assign the deed of trust to CMI.[6] *See Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015) (noting that standing is component of subject matter jurisdiction); *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (noting that opinion of court without jurisdiction is advisory to extent it addresses issues other than jurisdictional issue because "Texas Constitution does not afford courts jurisdiction to make advisory decisions or issue advisory opinions"); *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150–51 (Tex. 2012) (noting that, if plaintiff lacks standing to assert claim, "the court lacks jurisdiction over that claim and must dismiss it"). In his third issue, Standiford argues that he has standing "to challenge an allegedly void or invalid assignment of a deed of trust that affects the chain of title of property as to which Standiford claims a superior ownership interest."

As stated above, one of the grounds raised by appellees in their motion for summary judgment was that Standiford's claims that were premised on MERS's lack of authority to assign the

---

[6] In their briefing, appellees argue that Standiford has no basis for any claims against MERSCORP because MERS, and not MERSCORP, was the assignor and assignee of Standiford's mortgage. Appellees, however, did not raise this ground in their motion for summary judgment. *See* Tex. R. Civ. P. 166a(c) (requiring motion to "state the specific grounds therefor"); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (noting that summary judgments generally "may only be granted upon grounds expressly asserted in the summary judgment motion"). Thus, we do not consider it on appeal.

6

deed of trust to CMI and CMI's lack of authority to foreclose failed as a matter of law because Standiford did not have standing to bring these claims. Appellees relied on the general rule that a borrower lacks standing to challenge an assignment when the borrower is not a party to the assignment and argued that the exceptions to the general rule did not apply to Standiford's claims that were based on fraudulent assignments. *See Kramer v. Federal Nat'l Mortg. Ass'n*, No. A-12-CA-276-SS, 2012 U.S. Dist. LEXIS 105878, at *11–13 (W.D. Tex. May 15, 2012) (describing general rule under Texas law that obligor does not have standing to challenge assignment of debt when obligor is not party to assignment and primary exception to general rule "where an assignee of a claim sues the obligor for performance" and, under that circumstance, obligor may defend claim on ground which renders assignment void, but not on ground which would render assignment voidable only (citing *Tri-Cities Constr., Inc. v. American Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ))); *see also Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 226 (5th Cir. 2013) ("'[Texas] law is settled that the obligors of a claim . . . may not defend [against an assignee's effort to enforce the obligation] on any ground which renders the assignment voidable only.'" (citation omitted)).[7]

Under these rules, a mortgagor who is not a party to a deed-of-trust assignment must allege a ground that would render the assignment void to have standing to the challenge the assignment. *See Melendez v. Citimortgage, Inc.*, No. 03-14-0029-CV,

[7] "Federal authority is persuasive here because a great amount of home-mortgage litigation in Texas is tried in its federal courts, applying Texas foreclosure law." *Bierwirth*, 2012 Tex. App. LEXIS 7506, at *3 n.3 (citing *Robeson v. Mortgage Elec. Registration Sys.*, No. 02-10-00227-CV, 2012 Tex. App. LEXIS 137, at *12 n.4 (Tex. App.—Fort Worth Jan. 5, 2012, pet. denied) (mem. op.)).

2015 Tex. App. LEXIS 10260, at *15–17 n.3 (Tex. App.—Austin Oct. 2, 2015, no pet.) (mem. op.) (relying upon cases in which non-party mortgagor did not have standing to challenge assignment of mortgage because grounds raised would have rendered assignment only voidable, not void, and noting that alleging ground that would render assignment void is "only circumstance in which mortgagors who are not a party to a deed-of-trust assignment have standing to challenge that assignment").

Standiford's challenge to MERS's assignment to CMI and CMI's status as the mortgagee is based on his theory that, because MERS is not expressly listed in the deed of trust, Standiford did not agree to allow MERS to act as "nominee" or "agent" for any entity and, thus, MERS was not authorized to assign his loan to CMI and CMI did not have authority to foreclose. This theory, however, that is premised on MERS's lack of authority, even if true, would not have made the assignment from MERS to CMI void, only voidable. *See Reinagel*, 735 F.3d at 225–26 (noting that "alleged lack of authority, even accepted as true" did not furnish debtors with basis to challenge assignments); *see also Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976) ("Deeds procured by fraud are voidable only, not void, at the election of the grantor."). Standiford also was not a party to the assignments of the deed of trust in the chain from Amerigroup to CMI.

Thus, because Standiford's allegations as to MERS's lack of authority, even if true, would only render the deed-of-trust assignment from MERS to CMI voidable, not void, he does not have standing to challenge the assignment as a non-party, and his claims dependent on this challenge fail as a matter of law. *See Melendez*, 2015 Tex. App. LEXIS 10260, at *15–17 n.3; *see also Heckman*, 369 S.W.3d at 150–51 (noting that when plaintiff lacks standing to assert claims, court

8

lacks jurisdiction and must dismiss claims). We conclude that appellees' ground raised in their summary judgment motion that was based on Standiford's lack of standing to challenge the assignment of the deed of trust to CMI and CMI's authority to foreclose was meritorious and, thus, we must uphold the summary judgment in favor of appellees as to this ground. *See Knott*, 128 S.W.3d at 216. On this basis, we overrule Standiford's third issue. Further, because we have concluded that Standiford did not have standing to challenge the assignments, we do not address Standiford's first issue that substantively addresses MERS's authority to assign the deed of trust to CMI. *See id.*[8]

*Substitute Trustee's Authority to Act Under Deed of Trust*

In his second issue, Standiford argues that the substitute trustee Juanita Strickland did not have authority to act under the deed of trust because "[o]nly the original trustee named in the deed of trust, or someone appointed by the Lender, can act as trustee and conduct a foreclosure sale" and Strickland was neither of these. Standiford also argues that Strickland was never appointed "by any entity with the authority to do so" and that the county property records do not have a record of a lawful appointment as required under section 192.007 of the Local Government Code. *See* Tex. Loc. Gov't Code § 192.007 (addressing recording of releases and other actions that relate to

---

[8] As support for his position that he has standing, Standiford cites *Vazquez v. Deutsche Bank National Trust Company*, 441 S.W.3d 783 (Tex. App.—Houston [1st Dist.] 2014, no pet.). We, however, do not find the analysis in that case inconsistent with our conclusion here. In that case, the court reversed a summary judgment that was advanced on the face of the plaintiff's petition because her petition included allegations, that if true, would have rendered the challenged assignment void—"that the assignment is void because the signature it bears is forged." *Id.* at 787. "A forged deed is void." *Id.* at 787–88 (citation omitted). In contrast, Standiford's allegations address an assignor's lack of authority.

9

instrument filed with office of county clerk). He further argues that he should have received notice of the substitute trustee's appointment twenty-one days prior to the foreclosure sale and that he did not. Based on these arguments, Strickland argues that the foreclosure sale was void.

This issue addresses two of the grounds that appellees raised in their summary judgment motion. In their summary judgment motion, appellees argued that "Juanita Strickland was properly appointed as a substitute trustee and properly completed the foreclosure sale" and that "Chapter 51 does not require that a borrower be given 21 days' notice of a substitute trustee appointment."

Supporting their position that Strickland was properly appointed, appellees' summary judgment evidence included a copy of the note and deed of trust and certified copies of the chain of assignments from AmeriGroup to CMI and Strickland's appointment. This evidence established that CMI was the mortgagee after May 2010, CMI appointed Strickland as substitute trustee on June 6, 2012, the notice of the foreclosure sale was filed in the county property records on July 16, 2012, and the notice was sent certified mail to Standiford concerning the acceleration of the note and the scheduled foreclosure sale. The deed of trust expressly provides:

> 25. Substitute Trustee. Lender, at its option, and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

The deed of trust also provides: "The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower." This evidence established

10

Strickland's authority, as the substitute trustee, to foreclose on the property, and Standiford did not refute this evidence. *See Phan Son Van*, 990 S.W.2d at 753; *see also* Tex. Prop. Code §§ 51.0001(7) (defining substitute trustee as "person appointed by the current mortgagee or mortgage servicer under the terms of the security instrument to exercise the power of sale"), 51.002 (detailing sale of real property under contract lien). Further, section 192.007 of the Local Government Code "is a procedural directive to county clerks about how to record subsequent documents" and does not impose a duty to record. *Harris Cnty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 555–56 (5th Cir. 2015). And the twenty-one days' notice requirement in chapter 51 of the Property Code concerns the notice of the foreclosure sale, not notice of the appointment of a substitute trustee. *See* Tex. Prop. Code § 51.002(b).

We conclude that appellees' grounds raised in their summary judgment motion were meritorious concerning Standiford's claims based on the substitute trustee and, thus, we must uphold the summary judgment in favor of appellees as to those grounds. *See Knott*, 128 S.W.3d at 216. We overrule Standiford's second issue.

*Violations of Section 12.002 of the Property Code*

In his fourth issue, Standiford argues that there exist genuine issues of material fact as to whether certain documents recorded by appellees violated section 12.002 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 12.002. This issue addresses appellees' ground in their summary judgment that "[n]either MERS[CORP] nor CMI filed any fraudulent liens or court records."

11

In order to establish a violation of section 12.002, a plaintiff must establish that the defendant (1) made, presented, or used a document or other record with knowledge that it was a fraudulent court record or lien or claim against property, (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff injury. *See id.*; *Gray v. Entis Mech. Servs., LLC*, 343 S.W.3d 527, 530 (Tex. App.—Houston [14th Dist.] 2011, no pet.). "Court record" has the same meaning as assigned in section 37.01 of the Penal Code. Tex. Civ. Prac. & Rem. Code § 12.001(1); *see* Tex. Penal Code § 37.01(1) ("'Court record' means a decree, judgment, order, subpoena, warrant, minutes, or other document issued by a court."). "'Lien' means a claim in property for the payment of a debt and includes a security interest." Tex. Civ. Prac. & Rem. Code § 12.001(3).

To support his claim that appellees violated section 12.002, Standiford cites the recorded appointment of substitute trustee dated April 1, 2004, the assignment of mortgage dated May 4, 2010 (from MERS to CMI), notices of substitute trustee's sale dated June 14, 2010 and August 16, 2010, notice of trustee's sale dated July 16, 2012, and the substitute trustee's deed effective August 7, 2012. Even if we were to assume that these documents fall within the definition of a "court record" or "lien" as those terms are defined in section 12.001, CMI's summary judgment evidence, including affidavits as to the foreclosure sale, establish that these documents were not fraudulent, and Standiford did not refute this evidence. *See Phan Son Van*, 990 S.W.2d at 753.

We conclude that appellees' ground raised in their summary judgment motion was meritorious concerning Standiford's claims that appellees violated section 12.002 of the Civil Practice and Remedies Code and, thus, we must uphold the summary judgment in favor of appellees as to that ground. *See Knott*, 128 S.W.3d at 216. We overrule Standiford's fourth issue.

12

*Violations of DTPA*

In his fifth issue, Standiford argues that he is a "consumer" as defined in the DTPA "because Standiford sought and acquired, by purchase, the real property made the basis of this suit and sought financing as a means to purchase the property." *See* Tex. Bus. & Com. Code § 17.45(4) (defining "consumer" to include an "individual . . . who seeks or acquires by purchase or lease, any goods or services"); *see also id.* § 17.45(1) (defining "goods" to mean "tangible chattels or real property purchased or leased for use"), (2) (defining "services" to mean "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods"). This issue challenges appellees' alternative ground in their summary judgment motion that Standiford's DTPA claim failed as a matter of law because he was not a consumer.

In their motion for summary judgment, appellees asserted that Standiford's DTPA claim failed as a matter of law because it was based on the factual allegations concerning MERS's lack of authority to assign the loan to CMI and CMI's lack of authority to foreclose. In his pleading, Standiford describes appellees' alleged DTPA violation as follows:

> Pursuant to Tex. Finance Code §§ 392.301 and 392.304 [sic] pursuant to §392.404, Plaintiff says he is entitled to bring a Texas Deceptive Trade Practices Act (DTPA) claim against Defendants. Plaintiff is a consumer-based upon his purchase of his home as set forth in paragraph Number 9, above.

*See* Tex. Fin. Code § 392.404 (making violation under chapter 392 of Finance Code also DTPA violation). As pleaded, Standiford's DTPA claim stems from his claims based on appellees' alleged Finance Code violations.

13

Turning to Standiford's allegations concerning the Finance Code, Standiford alleged that appellees violated section 392.301 of the Finance Code "by threatening to take an action prohibited by law in attempts to collect a debt" and section 392.304 "by misrepresenting the status of the debt in a judicial or governmental proceeding." *See id*. §§ 392.301, .304. These claims are based on his factual assertions concerning MERS's lack of authority to assign the deed of trust to CMI and CMI's lack of authority to foreclose. Thus, for the same reasons that we have concluded that the district court did not err in granting summary judgment as to Standiford's claims based on these factual allegations, we conclude that the district court did not err in granting summary judgment as to Standiford's DTPA claim on this basis. *See Knott*, 128 S.W.3d at 216 (requiring summary judgment motion to be upheld if grounds raised are meritorious). We therefore do not need to reach whether appellees' ground that Standiford was not a "consumer" under the DTPA was meritorious. *See id.*; *see also* Tex. R. App. P. 47.1, 47.4. We overrule Standiford's fifth issue.

**CONCLUSION**

Because appellees asserted a meritorious ground in their motion for summary judgment as to each of Standiford's claims, we must uphold the district court's ruling in their favor. *See Knott*, 128 S.W.3d at 216. Thus, we affirm the district court's judgment.

14

_____
Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   November 3, 2015

15