

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00060-CV

Maria Jilma **URIBE** and Jose Carlos Uribe,
Appellants

v.

**CARRINGTON MORTGAGE SERVICES, LLC**
on behalf of Wells Fargo Bank NA, as Trustee
for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset Backed Pass Through Certificates,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2014CI18492
Honorable Dick Alcala, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Irene Rios, Justice

Delivered and Filed:  February 15, 2017

REVERSED AND REMANDED

Maria Jilma Uribe and Jose Carlos Uribe appeal a summary judgment granted in favor of

Carrington Mortgage Services, LLC on behalf of Wells Fargo Bank NA, as Trustee for Carrington

Mortgage Loan Trust, Series 2006-NC4 Asset Backed Pass Through Certificates (the "Trust").  In

their brief, the Uribes contend the trial court erred in granting the summary judgment because: (1)

the summary judgment evidence fails to conclusively establish the Trust was the owner and holder

of the Texas Home Equity Note and Texas Home Equity Security Instrument[1] executed by the Uribes or what entity owned the note and security instrument prior to the assignment to the Trust; (2) the assignment of the note and security instrument to the Trust occurred after the Trust's closing date; and (3) the summary judgment evidence raised a genuine issue of material fact with regard to whether Mr. Uribe's signature on the security instrument was forged. The Uribes also contend the appellee's motion for summary judgment did not address their fraud claim, and the trial court erred in overruling their motion for continuance. We reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

On November 25, 2014, the Uribes filed the underlying lawsuit to prevent the appellee from foreclosing on their home. The appellee obtained an order allowing the foreclosure in a separate lawsuit. In their petition, the Uribes alleged the appellee failed to produce a valid chain of title showing the transfer of the note and security instrument to the Trust. The Uribes also alleged the appellee committed fraud by filing fraudulent documents in the deed records.

On August 13, 2015, the appellee moved for summary judgment asserting it was entitled to proceed with its non-judicial foreclosure as a matter of law. As evidence to support its motion, the appellee attached the note, the security instrument, the assignment of the note and security instrument, and a limited power of attorney.

On October 12, 2015, the Uribes filed a response again challenging the chain of title and asserting Mr. Uribe's signature on the security instrument was forged. Mr. Uribe's affidavit was attached to the response. In his affidavit, Mr. Uribe states, "Moreover, after reviewing my alleged

---

[1] The security instrument is equivalent to a deed of trust.

signature on the Security Agreement, I am sure it is not mine and that someone forged my signature upon this instrument."

On November 19, 2015, the Uribes filed a motion to compel production of documents, asserting they served a request for production on the appellee on September 25, 2015. The motion further asserted the appellee refused to produce any documents other than those attached to its motion for summary judgment which was set for a hearing on November 20, 2015. The Uribes also filed a motion for continuance seeking to continue the hearing on the motion for summary judgment until their motion to compel was heard and the appellee produced the requested documents.

On November 20, 2015, the trial court held a hearing. At the hearing, the trial court denied the motion for continuance, noting the Uribes had not requested any discovery until ten months after their lawsuit was filed. At the conclusion of the hearing, the trial court signed a final judgment granting the appellee's motion. The Uribes appeal.

## SUMMARY JUDGMENT STANDARD OF REVIEW

We review a trial court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *see also Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). In reviewing a summary judgment, we take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

**DENIAL OF MOTION FOR CONTINUANCE**

The Uribes contend the trial court erred in denying their motion for continuance because the appellee had failed to provide the documents requested in their request for production.

The trial court may order a continuance of a summary judgment hearing if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." TEX. R. CIV. P. 166a(g). "When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis." *Joe*, 145 S.W.3d at 161. "A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* The following nonexclusive factors are considered in deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: (1) the length of time the case has been on file; (2) the materiality and purpose of the discovery sought; and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Id.*

In this case, the Uribes' lawsuit had been on file for almost a year when the trial court heard the motion for summary judgment. The Uribes waited almost ten months before they sent their first discovery request, and that discovery request was sent only after the appellee filed its motion for summary judgment. The Uribes did not file their motion to compel the appellee's response to that discovery request until the day before the hearing on the appellee's motion. Based on the foregoing, we hold the trial court did not clearly abuse its discretion in denying the Uribes' motion for continuance.

**CHAIN OF TITLE AND CHALLENGES TO ASSIGNMENT**

In several issues, the Uribes challenge the summary judgment on the basis that the summary judgment evidence did not properly establish the Trust's status as the owner and holder

of the note and security instrument. Although the Uribes contend the business records affidavit attached to the appellee's motion contains conclusory statements, the Uribes do not challenge the trial court's consideration of the documents attached to that affidavit.

The note and security instrument executed by the Uribes state the lender is New Century Mortgage Corporation. The summary judgment evidence contains an assignment from New Century Mortgage Corporation, as assignor, to Wells Fargo Bank NA as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset Backed Pass Through Certificates, as assignee. Finally, the summary judgment evidence contains a limited power of attorney in which Wells Fargo Bank NA appoints Carrington Mortgage Services, LLC as its attorney-in-fact to take action on its behalf as trustee for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset Backed Pass Through Certificates.

In its effort to challenge this chain of title, the Uribes first challenge the capacity of the individual who executed the assignment, asserting the assignment does not clearly identify one of the entities named in the assignment. Under Texas law, the Uribes only have standing to challenge the assignment on a ground that renders the assignment void. *See Vasquez v. Deutsche Bank Nat'l Trust Co.*, 441 S.W.3d 783, 786-87 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.); *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 224-25 (5th Cir. 2013). In this case, the assignment reflects that Elizabeth A. Osterman executed the assignment as a vice president of Carrington Mortgage Services, LLC, which was the attorney in fact for New Century Liquidating Trust as successor-in-interest to New Century Mortgage Corporation. Therefore, the assignment reflects Osterman executed the assignment as an officer for the successor-in-interest to New Century Mortgage Corporation. To the extent Osterman fraudulently purported to execute the assignment as an officer of New Century Mortgage Corporation's successor-in-interest, this lack

of authority makes the assignment voidable, not void. *Reinagel*, 735 F.3d at 226. Therefore, the Uribes lack standing to challenge the assignment on this basis.

The Uribes next contend the limited power of attorney only purported to apply to mortgages owned by the trusts listed in an attached exhibit. The assignment, however, reflects that the Uribes' note and security instrument were assigned to Wells Fargo NA as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset Backed Pass Through Certificates. One of the trusts listed in the exhibit to the limited power of attorney is the Carrington Mortgage Loan Trust, Series 2006-NC4 Asset Backed Pass Through Certificates. Accordingly, the limited power of attorney establishes that it applied to the Uribes' note and security instrument.

The Uribes also contend the assignment to the Trust occurred after the closing date of the Trust. Even assuming the assignment violated the terms of the Pooling and Service Agreement pursuant to which the Trust operates, such a violation would not render the assignment void. *Id*. at 228. Therefore, the Uribes lack standing to challenge the assignment on this basis. *Vasquez*, 441 S.W.3d at 786-87; *Glass*, 330 S.W.2d at 537; *Reinagel*, 735 F.3d at 224-25, 228.

Finally, the Uribes contend the summary judgment evidence fails to establish what entity owned the note and security instrument between the closing date of the Trust and the date of the assignment. As previously noted, the Uribes have no standing to challenge the assignment on the basis that it was executed after the closing date of the Trust. And, the assignment reflects the Uribes' original lender, New Century Mortgage Corporation, was the assignor. Accordingly, the summary judgment evidence establishes that New Century Mortgage Corporation owned the note and security instrument until it was assigned to Wells Fargo Bank, NA as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset Backed Pass Through Certificates.

## FRAUD CLAIM

The Uribes contend the trial court erred in granting a final judgment because the appellee's motion for summary judgment did not address their fraud claim. This contention ignores that the fraud claim is based on the allegation that the Trust was not the owner and holder of the note and security instrument. Because the trial court determined the Trust was the owner and holder of the note and security instrument, the granting of the summary judgment also disposed of the Uribes' fraud claim.

## FORGERY

The final ground on which the Uribes challenge the summary judgment is their contention that Mr. Uribe's signature on the security instrument was forged. As previously noted, the Uribes attached Mr. Uribe's affidavit to their response in which he states his signature was forged.

A forged security instrument or deed of trust "is void ab initio, a nullity, and passes no title." *See Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 282 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also Johnson v. Coppel*, No. 01-09-00392-CV, 2012 WL 344757, at *6 (Tex. App.—Houston [1st Dist.] Feb. 2, 2012, no pet.) (mem. op.). Although the appellee asserts Mrs. Uribe did not corroborate Mr. Uribe's statement regarding his signature being forged, we must view the evidence in the light most favorable to the Uribes and take as true all evidence favorable to them. *Joe*, 145 S.W.3d at 157. Therefore, we accept the statement made by Mr. Uribe in his affidavit to be true and hold the Uribes raised a genuine issue of material fact with regard to whether Mr. Uribe's signature was forged, rendering the security instrument void.

In its brief, the appellee asserts the Uribes "provided no credible evidence that the notarization [of] the security agreement was forged with knowledge of or by the public notary that would invalidate the security agreement." In support of this assertion, the appellee cites the Texas Rules of Evidence and a case holding a deed of trust is admissible as evidence because it is self-

authenticating. *See* TEX. R. EVID. 902(8); *Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 WL 6465637, at \*11 (Tex. App.—Austin Nov. 27, 2013, pet. denied). The admissibility of the security instrument as self-authenticating evidence, however, does not conclusively negate Mr. Uribe's statement that his signature was forged.[2]

## CONCLUSION

Because Mr. Uribe's affidavit raised a genuine issue of material fact as to whether the security instrument relied upon by the appellee to establish its right to foreclose was forged and therefore void, the trial court erred in granting the appellee's motion for summary judgment. Accordingly, the trial court's judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Karen Angelini, Justice

---

[2] We note that the law provides that "a forged deed may be adopted by the grantor when the grantor subsequently acknowledges the deed," and "[c]lear and unmistakable proof that either the grantor did not appear before the notary or that the notary practiced some fraud or imposition upon the grantor is necessary to overcome the validity of a certificate of acknowledgment." *1st Coppell Bank v. Smith*, 742 S.W.2d 454, 461 (Tex. App.—Dallas 1987, no writ), overruled on other grounds, *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 678 (Tex. 2000). The appellee, however, did not raise this argument or reference this law in its motion for summary judgment. *See* TEX. R. CIV. P. 166a ("Issues not expressly presented to the trial court … shall not be considered on appeal as grounds for reversal."); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) (noting "[a]n appellate court cannot read between the lines, infer or glean from the pleadings or the proof any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court [in the motion for summary judgment]") (internal citations omitted); *Roberts v. Sw. Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex. App.—San Antonio 1991, writ denied) (noting "[w]hen a motion for summary judgment asserts grounds *A* and *B*, it cannot be upheld on grounds *C* and *D*, which were not asserted").